(Decided 1st July, 1870.)

---

## Thomas C. McGuire *vs.* Charles E. Benoit and William F. A. Coyle.

### *Replevin.*

A chattel mortgage, dated the 1st of November, 1868, made to secure the payment of two promissory notes of even date therewith, at three and six months respectively, contained, besides a covenant to pay the notes at maturity, covenants in reference to the insurance of the mortgaged property, and for the completion of certain partnership engagements, &c ; it also provided "that until default in any of the conditions and covenants therein contained, and until the non-payment of said two promissory notes at maturity, the mortgagors should possess and use the property thereby mortgaged;" and further, "that upon default as aforesaid, to pay said notes and perform said covenants, the mortgagee, his personal representatives and assigns, might take immediate possession of said property and sell the same at public auction," &c. The note at three months being overdue and unpaid, and the mortgagors having

failed to comply with their covenants in other respects, the mortgagee, before the maturity of the six months' note, instituted an action of *replevin* to obtain possession of the mortgaged property. HELD:

That as the note, payable at six months, had not matured at the time of action brought, there had been no such default under the terms of the proviso in the mortgage, as deprived the mortgagors of the right of possession of the mortgaged property, and the plaintiff, therefore, was not entitled to recover.

APPEAL from the Court of Common Pleas.

This was an action of *replevin*, instituted by the appellant against the appellees, to recover possession of certain personal property which had been mortgaged by the latter to the former. The facts of the case are sufficiently stated in the opinion of the Court.

*Exception:* The plaintiff prayed the Court to instruct the jury, that if they believe from the evidence that at the time of the institution of this suit, the promissory note, payable three months after date, mentioned in the mortgage produced by the plaintiff, was due and unpaid, and that there was any default in the performance of any of the covenants in the said mortgage mentioned, then the plaintiff is entitled to recover.

And the defendant offered the following prayer:

That to entitle the plaintiff to recover in this case, it is necessary that he should show affirmatively that the two notes of the defendants, bearing date the 1st of November, 1868, payable to the plaintiff at three and six months respectively, had actually matured at the time of issuing the writ of *replevin* in this case. The jury not finding such facts, their verdict must be for the defendants.

The Court refused ·the prayer of the plaintiff and granted the prayer of the defendants. To this ruling, the plaintiff excepted, and the verdict and judgment being for the defendants, he appealed.

The cause was argued before BARTOL, C. J., STEWART, MAULSBY, GRASON, MILLER and ALVEY, J.

*Samuel Snowden,* for the appellant.

The law is well settled, that when a mortgage is made to secure a debt payable in instalments, the mortgagee is entitled to have a decree for the sale of the mortgaged property, upon default in the payment of any one of the instalments as it becomes due. *Salmon vs. Clagett,* 3 *Bl.,* 125; *Peyton vs. Ayres,* 2 *Md. Ch. Dec.,* 64; *Wylie vs. McMakin,* 2 *Md. Ch. Dec.,* 413; *Morgenstern vs. Klees, et al.,* 30 *Ill.,* 422.

The evident intention of the parties to the mortgage in this case, was that upon the failure to pay either one of the notes, the mortgagee should be entitled to take possession of the property.

The mortgage could not secure the payment of the two notes at maturity, unless it secured the payment of each note as it arrived at maturity. It could not mean that before the mortgagee's right to possession should accrue, both of said notes should mature, because that would be compelling him to wait until three months after the maturity of one of the notes.

It therefore clearly meant that if default was made in the payment of the notes as they matured, the mortgagee should be entitled to take possession of the mortgaged property. In the case of *Hunt vs. Harding,* 11 *Ind.,* 245, the provisions in the mortgage were very similar to the provision in this mortgage, and a foreclosure was ordered.

There is nothing, therefore, in the provisions of this mortgage which controls the general rule of law; and upon default in the payment of the first note, the mortgagee was entitled to the possession.

But even if the Court should be of opinion that the mortgagee was not entitled to take possession for non-payment of one of the notes, he was certainly entitled to do so for failure of the mortgagors to perform the covenants contained in the mortgage.

If there were any such default in the mortgage as to authorize the mortgagee to proceed to foreclose the title to the whole

property, it being personal, vested in him, and he was entitled to maintain replevin therefor. *Jamieson vs. Bruce,* 6 *G. & J.,* 72; *Dane vs. Mallory,* 16 *Barb.,* 46; *Winchester vs. Ball,* 54 *Maine,* 558.

As the mortgagors had, before the institution of this suit, made default in the payment of the first note, or in the covenants and conditions of the mortgage, the plaintiff was entitled to the possession of the mortgaged property, and the prayer offered by him should have been granted.

*Allan B. Magruder,* for the appellees.

At the date of the writ of *replevin* instituted in this case, the mortgage debt claimed by the appellant was not due—the time of its payment as fixed in the mortgage had not then expired—and by the express terms of the mortgage, the chattel property therein conveyed was *not* to be exposed to seizure and sale "*until* the non-payment of the *two* promissory notes *at maturity*" therein described. A reference to the mortgage will show that one of these notes matured on the 1st of February, 1869, and the other on the 1st of May following—and as the mortgage could not be foreclosed, according to its terms, *until* the non-payment of "said two promissory notes," the right to sue out the process of *replevin,* if it existed at all, did not accrue until after the last mentioned day, to wit: the first day of May, 1869—and consequently the institution of the proceeding in *replevin* on 17th February, 1869, was premature and without warrant of law.

Although the general rule of law be as asserted by the appellant — that when a debt is payable by instalments, failure to meet any one instalment, as it may fall due, works a forfeiture of the mortgage — both Courts of Law and Equity recognize the limitation of such a rule imposed by the express stipulation and agreement of the parties otherwise. The contract will control the general rule, and its terms are always resorted to, to furnish the true rule of construction.

No such default as that contemplated in the mortgage had occurred in regard to the other covenants therein. No time was fixed for the performance of these covenants, which were dependent covenants. There was no unreasonable delay by the mortgagors in paying the debts of the late partnership. Their payment was made to depend on previous collections; and as no actual collections and receipts by them were proved, or even averred, no *default* in that respect could be justly charged upon them, or form the ground of the suit in *replevin,* the effect of which was to break up their business, and disable them from performance. The whole proceedings of the appellant were uncalled for, premature, and mischievous—regardless of the very consequences against which the mortgagors sought to protect themselves by their contract. *George's Creek Coal and Iron Co. vs. Detmold,* 1 *Md.,* 225, and cases there cited; *Brown vs. Stewart,* 1 *Md. Ch. Dec.* 92; *Booth vs. Hall,* 6 *Md.,* 1–4; *North. Cent. R. R. Co. vs. The State,* 17 *Md.,* 12.

ALVEY, J., delivered the opinion of the Court.

This is an action of *replevin,* instituted on the 17th of February, 1869, to recover certain goods and chattels from the appellees that they had previously mortgaged to the appellant, the plaintiff below.

The mortgage is dated the 1st of November, 1868, and was made to secure the payment of two promissory notes of that date, payable at three and six months from date respectively.

The mortgage contains, besides a covenant to pay the notes at maturity, covenants in reference to insurance of the property mortgaged, and for the completion of certain partnership engagements, &c., and among its provisions is this: "that until default in any of the conditions and covenants herein contained, *and until the non-payment of said two promissory notes at maturity,* the said Benoit and Coyle shall possess and use the property hereby mortgaged." And it is further provided, "that upon default, as aforesaid, *to pay said notes and perform*

*said covenants,* the said McGuire, his personal representatives and assigns, may take immediate possession of said property, and sell the same at public auction," &c.

The defendants pleaded *non cepit,* property in themselves, and their right of possession, to which several pleas issues were joined.

At the trial the plaintiff gave in evidence the mortgage, and the two promissory notes therein referred to, and proved that, at the time of bringing the suit, the note payable at three months was over due and had not been paid, and that the defendants had failed to comply with their covenants in other respects; but that the other note was *not* then due. Upon this evidence the Court below instructed the jury that, as both of the notes were not due and payable at the time of the action brought, the verdict should be for the defendants; to which the plaintiff excepted. And whether this instruction was right, in view of the terms of the provision of the mortgage in regard to the possession of the property by the defendants, is the sole question in the cause.

By the execution of the mortgage the legal estate became at once vested in the mortgagee, and if there had been no condition as to the mortgagors' right to retain possession until default, the right of possession would have followed the legal estate, and vested in the mortgagee from the time of the delivery of the deed. But, as was said by the Court in the case of *Jamieson vs. Bruce,* 6 *Gill & John.,* 75, "this right of possession is always subject to any agreements which may be made in relation thereto, and mortgages do generally contain clauses giving the right of possession as against the mortgagees until forfeiture; but where the parties are entirely silent as it regards the possession, the right thereto follows the legal estate and vests in the mortgagee." In this the defendants claim the right of possession of the property sued for as against the plaintiff who holds the legal estate; and if they are successful in showing such right, it necessarily defeats the action; for unless the plaintiff shows that he is entitled to the posses-

McGuire *vs.* Benoit and Coyle.

sion of the property for which he sues in *replevin*, at the time of suit brought, he must fail to recover. "Whoever is entitled to the possession, whatever may be his title in other respects, may maintain *or defeat* the action of *replevin.*" *Cumberland Coal and Iron Co. vs. Tilghman*, 13 *Md.*, 74.

Such being the rule of law controlling the rights of the parties, it is contended on the part of the plaintiff that, as one of the notes was due and unpaid, and the defendants had failed to comply with their covenant in regard to the insurance of the property, the mortgage had become forfeited, and consequently the mortgagors' right of possession no longer existed. But, unfortunately for the plaintiff, that is not according to the terms of the proviso in the mortgage. It was not only until default committed in any of the conditions and covenants therein contained, that the possession was to be held by the mortgagors, but also "until the non-payment of said two promissory notes at maturity." The default, then, that would deprive these mortgagors of the right of possession of the property was the failure to pay both notes at the maturity of the last to fall due; and though one of them may have matured and not been paid, still, until the other matured, there could be no such default as would entitle the mortgagee to take possession of the property and sell it, as contemplated by the condition of the mortgage. The right of possession existing in the defendants at the time of suit brought, the action must fail as being premature.

*Judgment affirmed.*

(Decided 1st July, 1870.)