## LEAH A. CHELTON vs. THEODORE BENJAMIN GREEN, Sheriff of SOMERSET COUNTY.

*Mortgage of Indemnity—Entry on Mortgaged premises by Mortgagee before Condition broken—Action on the case by Mortgagee against Sheriff—What is required to entitle Mortgagee to maintain an Action on the case for a Wrongful injury to the Mortgaged premises—Rents and Profits of the Mortgaged property.*

A mortgage was given expressly to indemnify the mortgagee against certain specified liabilities as surety for the mortgagor, and for no other purpose; and the condition of the mortgage was, that if the mortgagor should pay, or caused to be paid, all the notes, judgments, or other obligations, for which the mortgagee had become surety, on or before the 5th of November, 1885, and should indemnify and save harmless the mortgagee, from all loss or payment of money by reason of such suretyship, then the mortgage to be void, otherwise to be and remain in full force. The mortgagee took possession of the mortgaged premises sometime after the execution of the mortgage, and while the mortgagor was confined in jail, and was proceeding to gather and ship the crop of strawberries until stopped by the levy and sale under an execution against the mortgagor. On the 30th of June, 1885, the mortgagee brought an action of trespass on the case against the sheriff for levying upon and selling, by virtue of said execution, a crop of onions, and a crop of strawberries, growing on the mortgaged premises. Down to the time of bringing the suit, the mortgagee had not been required to pay any portion of the debts for which she was surety for the mortgagor. HELD:

1st. That the mortgagee was not entitled, by the terms and condition of the mortgage, to enter upon and assume possession of the land before the condition was broken; that is to say, the failure of the mortgagor to pay all of the indebtedness for which the mortgagee was surety, on or by the 5th of November, 1885, or to indemnify and save harmless the mortgagee from all loss or payment of money, by reason of such suretyship, before that day.

Chelton *vs.* Green, Sheriff.

2nd. That consequently the mortgagee was not entitled to maintain an action on the case against the sheriff for seizing and selling the emblements growing on the land.

Where from the nature of a mortgage and the terms employed, the fair and reasonable implication is, that it was intended that the mortgagor should remain in possession until default made, the mortgagee has no right of entry, or to the exclusive possession, until the time designated in the mortgage. Until then the mortgagor is regarded both at law and in equity, as the substantial owner of the property.

Although the mortgagee, while not having such possession as will enable him to maintain trespass for a wrongful or fraudulent injury to the premises, may have an action on the case against the mortgagor or other person who has committed the wrongful act, yet, to entitle him to maintain such action, it is essential to allege and prove that the mortgage security has been in fact impaired, and that the security in consequence of the injury is insufficient to secure the mortgagee against loss.

So long as the mortgagor is entitled to the possession of the mortgaged premises, the rents and profits thereof belong to the tenant in possession, whether such tenant be the mortgagor or a third person claiming under him.

APPEAL from the Circuit Court for Somerset County.

The case is stated in the opinion of the Court.

The cause was submitted to ALVEY, C. J., YELLOTT, STONE, MILLER, ROBINSON, RITCHIE, and BRYAN, J.

*Thos. S. Hodson,* for the appellant.

The mortgagee of real estate under an ordinary mortgage, is entitled to possession of the mortgaged premises upon the execution, delivery and registration of the mortgage, unless there is in the mortgage a covenant that the possession shall remain in the mortgagor, which covenant is in effect a re-demise of the premises from the mortgagee to the mortgagor. See *Clagett vs. Salmon,* 5 *G. & J.,* 314;

*Jamieson vs. Bruce,* 6 *G. & J.,* 72; *Evans vs. Merriken,* 8 *G. & J.,* 39; *McGuire vs. Benoit,* 33 *Md.,* 181; *Brown vs. Stewart,* 1 *Md. Ch. Dec.,* 87; *Leighton vs. Preston & Hepburn,* 9 *Gill,* 203; *Preston & Hepburn vs. Leighton,* 6 *Md.,* 88.

A re-demise will not be inferred from a covenant that the mortgagee will not sell without notice. *George's Creek Coal and Iron Co's Lessee vs. Detmold,* 1 *Md.,* 237. All mortgages are mere securities for money. *Timms and Wife vs. Shannon,* 19 *Md.,* 296; *George's Creek Coal and Iron Co's Lessee vs. Detmold,* 1 *Md.,* 237. Mortgages of indemnity are not securities to endorser or surety alone, but for the principal debt which the mortgagor has agreed to secure. Hence there is a valid consideration from date of mortgage. 1 *Jones on Mortgages, sec.* 387; *Boyd vs. Parker,* 43 *Md.,* 182.

The right of action or foreclosure does not accrue to the mortgagee until he has paid the debt, (31 *Miss.,* 701,) but this does not affect the right of possession by the mortgagee. The mortgage is a lien from the time of the execution of the mortgage, and not merely from the time when the mortgagee pays the debt. 1 *Jones on Mortgages, sec.* 383; *Burdett vs. Clay,* 8 *B. Monroe,* 292.

*John H. Handy,* for the appellee.

ALVEY, C. J., delivered the opinion of the Court.

As we construe the declaration, the action is one of trespass on the case by a mortgagee against the sheriff for levying upon and selling, by virtue of an execution against the mortgagor, a crop of onions, and a crop of strawberries, growing on the mortgaged premises. The plaintiff alleges herself to have been in possession of the crop of onions and the crop of strawberries, but she does not allege that she was in possession of the mortgaged premises, that is, the land mortgaged.

Chelton *vs.* Green, Sheriff.

The case was tried before the Court upon an agreed statement of facts. The mortgage was made on the 5th of May, 1885, and within less than a month thereafter the levy was made by the defendant, of which the plaintiff complains. The plaintiff claims that the onions and strawberries levied on and sold belonged to her, by virtue of the mortgage from Lankford, though the mortgage is simply of a certain lot or parcel of land, with the improvements thereon, without any mention whatever of growing crops. The mortgage was made expressly to indemnify the plaintiff against certain specified liabilities as surety for the mortgagor and for no other purpose, and the condition of the mortgage is, that if the mortgagor should pay, or cause to be paid, all the notes, judgments, or other obligations, for which the mortgagee had become surety, on or before the 5th day of November, 1885, and should indemnify and save harmless the mortgagee from all loss or payment of money by reason of such suretyship, then the mortgage to be void, otherwise to be and remain in full force. The action was brought on the 30th of June, 1885, and it is admitted that the plaintiff had not been required to pay, down to that time, any portion of the debt for which she was surety for the mortgagor; nor is it alleged or pretended that the mortgaged premises, irrespective of the crops of onions and strawberries, are not amply sufficient to indemnify the plaintiff against all risk incurred by reason of the suretyship mentioned in the mortgage. It is admitted that the plaintiff took possession of the mortgaged premises some time after the execution of the mortgage, and before the issue and levy of the execution by the defendant, and was proceeding to gather and ship the crop of strawberries until stopped by the levy and sale under the execution; but it is also agreed that such possession was taken by the plaintiff while the mortgagor was confined in jail, and that such entry was without the knowledge and consent of the mortgagor, though he became

aware of the fact before the execution and sale by the defendant. The agreed statement, however, is silent as to whether, after becoming aware of the fact of such entry by the plaintiff, the mortgagor acquiesced therein.

The first question is, was the mortgagee entitled, by the terms and condition of the mortgage, to make entry upon and assume possession of the land, before condition broken? For if so, it is quite clear upon all the authorities, that, having taken possession, she would have a right of action against the sheriff for seizing and selling the emblements growing on the land; and consequently the prayer offered by the plaintiff should have been granted.. But this Court is of opinion, considering the nature and object of the mortgage, and giving force to the special terms employed in the condition thereof, that the right of entry did not accrue to the mortgagee until condition broken; that is to say, the failure of the mortgagor to pay all of the indebtedness for which the mortgagee was surety, on or before the 5th day of November, 1885, or to indemnify and save harmless the mortgagee from all loss or payment of money by reason of such suretyship, before that day. There could have been no reason for such limitation in the condition of the mortgage, if the right of immediate entry and possession of the premises had been intended to vest in the mortgagee; and the fair and reasonable implication, from the nature of the mortgage, and the terms employed, is, that the mortgagor should be entitled to remain in possession until the condition broken. The case would seem fully to fall within the principle recognized by the Court in *Jamieson vs. Bruce*, 6 *G. & J.*, 72, 74, where, "by fair inference or necessary implication from the instrument, the conclusion can be drawn, that the mortgagor was quietly to enjoy the mortgaged property," until default made; and where such is the case, the mortgagee has no right of entry, or to the exclusive possession, until the time designated in the mortgage. Until then the mort-

gagor is regarded both at law and in equity as the substantial owner of the property; though for any waste, destruction, or improper appropriation of the property mortgaged, whereby the security may be impaired, the mortgagee will be entitled to remedy for his protection. And therefore, though the mortgagee, while not having such possession as will enable him to maintain *trespass* for a wrongful or fraudulent injury to the premises, may have an action *on the case* against the mortgagor or other person who has committed the wrongful act (*Yates vs. Joyce,* 11 *John.,* 136 ; *Lane vs. Hitchcock,* 14 *Ib.,* 213); yet, to entitle him to maintain such action, it is essential to allege and prove that the mortgage security has been in fact impaired, and that the security in consequence of the injury is insufficient to secure the mortgagee against loss. *Lane vs. Hitchcock, supra;* 1 *Jones Mortg.,* sec. 696.

But in this case, the mortgagee, as we have said, was not entitled to the possession until the condition broken, and until then the mortgagor was entitled to the possession, and to the emblements of the land mortgaged. It was only the land itself, the specifie thing, with the improvements thereon, that was in pledge; the rents and profits were not pledged, so long as the mortgagor was entitled to the possession ; but they belonged to the tenant in possession, whether such tenant was the mortgagor, or a third person claiming under him. *Kountze vs. Omaha Hotel Co.,* 107 *U. S.,* 378 ; *Teal vs. Walker,* 111 *U. S.,* 250. And such being the well established principle, the possession of the plaintiff, taken under the circumstances stated, is not shown to have been rightful; nor is there any allegation or proof to show that the seizure and sale of the onions and strawberries, growing on the mortgaged premises, in any way in fact impaired the mortgage security, to the injury of the plaintiff, to entitle the latter to maintain an action on the case against the sheriff. The Court below was therefore clearly right in rejecting the proposi-

tion of the plaintiff, whereby it was asked to rule, "that there was no stipulation, express or implied, in 'the mortgage given in evidence, that the mortgagor should remain in possession until condition broken; and that under said mortgage the mortgagee was at once entitled to possession of the mortgaged premises before condition broken." Upon the rejection of this prayer the Court, upon the agreed statement of facts, rendered judgment for the defendant; and that jud'gment, for the reason stated, we must affirm.

*Judgment affirmed.*

(Decided 30th April, 1886.)