THOMAS J. LINDSAY, EXECUTOR, *vs.* FLORENCE E. KIRK, ET AL.

*Auditor's Accounts—Res Adjudicata—Distribution of Trust Estate.*

A fund was bequeathed to a trustee with directions to pay the income to certain parties during their minority and to distribute the fund among them when the youngest should come of age. The trust was administered in a Court of equity. By certain auditor's accounts, which were duly ratified after notice to the *c. q. t.*, some of whom were then of age and others were represented by a guardian *ad litem*, the trustee was charged with a certain cash balance on hand of principal and was credited with an overpayment of income, the last amount being the same as the sum allowed him as commissions. Upon the death of this trustee, another one was appointed whose accounts took no notice of said debit and credit balances. Upon the distribution of the estate at the termination of the trust, the *c. q. t.* excepted to the payment to the executor of the deceased trustee of the sum allowed to him in the former accounts, upon the grounds that he had agreed to administer the trust without compensation; that there had been an adjustment of the matter between the parties in the lifetime of the deceased trustee, and that the claim in question was barred by laches. *Held*, that the evidence fails to establish these grounds of exception or to show that the auditor's accounts were inaccurate, and that, since the same parties are the owners of both the principal and income, the two funds should in the final settlement be treated as one fund, and that the executor of the deceased trustee is entitled to receive the difference between the debit and credit established in his favor by the auditor's accounts.

An order finally ratifying an auditor's account is a decretal order and it constitutes an adjudication as to all matters of defense which were available against the account.

Appeal from an order of the Circuit Court of Baltimore City (RITCHIE, J.)

The cause was argued before MCSHERRY, C. J., BRISCOE, PAGE, BOYD, PEARCE, SCHMUCKER and JONES, JJ.

*Edward I. Koontz* (with whom was *George Whitelock* on the brief), for the appellant.

*Washington Bowie, Jr.*, for the appellees.

SCHMUCKER J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court of Baltimore City rejecting the allowance to the appellant, in the right of his testator, of certain trustee's commissions.

The material facts of the case, so far as they appear from the record, are as follows: The late Samuel Kirk by his will gave to his son-in-law, Seth S. Hance, an estate consisting mainly of securities worth about $30,000 in trust for the appellants who were then infants. By the terms of the will the estate was to be held by the trustee and the income applied to the support of the appellees until the youngest of them became twenty-one years of age, when the *corpus* of the estate was to be divided among them absolutely in equal shares.

Seth S. Hance remained trustee until his death in 1884. His son Franklin I. Hance succeeded to the trusteeship by appointment by the Circuit Court and served until his death in 1891, when John M. Littig was appointed trustee and continued to act as such until all of the appellees arrived at full age.

The present proceeding was instituted on November 5th, 1884, after the death of the first trustee. The bill of complaint does not appear in the record, but, as all of the adult defendants appeared and answered by solicitor and a guardian *ad litem* was appointed for the infant defendants and answered for them, and the new trustees were successively appointed by orders passed in the case, and accountings were had from time to time of both the principal and income of the estate and changes of investment made under orders of the Court, it may be assumed that the trust was being administered under the Court's supervision in the case.

On November 6th, 1890, during the trusteeship of Franklin I. Hance Auditors Accounts " C " of the principal fund and " D " of the income were filed and in due course were finally

ratified. By Account " C," the trustee was charged with a cash balance on hand of $187.43 of principal and by Account " D," he was credited with an overpayment of income of $314.46 which was the amount of commission allowed him as trustee upon the income embraced in that account he having applied the whole of the income to the support of the appellees.

The next accounts appearing in the record were E 1, of the principal fund and E 2, of the income. They were filed on April 9th, 1894, during Littig's trusteeship and related to his transactions only and took no notice of the debit or credit balances shown by Accounts " C " and " D."

On May 23rd, 1896, during Littig's trusteeship, Accounts " F 1," of the principal and " F 2," of the income were filed and in due course were finally ratified. The principal Account " F 1," took no notice of the balance of $187.43 shown by Account " C " to have been in the hands of F. I. Hance, trustee, but the income Account " F 2," charged the estate and credited Littig with the $314.16 shown by Account " D " to have been due to F. I. Hance for overpayment of income by him.

On December 13th, 1900, the appellees, having all arrived at 21 years of age, filed a petition in the case setting forth the nature and history of the trust and asking that the trustee be directed to transfer the *corpus* of the estate to them discharged of the trust. Accounts of the principal and income were then stated between the trustee and the estate. Only meagre extracts from these accounts appear in the record, but those extracts indicate that, after allowing to Littig the usual trustee's commissions for his services and also the $314.46 credited to him in the last previous income account for the overpayment of the estate by Hance, there was due to him, Littig $688.38 for overpayment of income.

The appellees excepted to this account claiming that the trustee should have retained the $688.38 overpaid by him out of the income from time to time instead of applying all the income to their support. The Circuit Court sustained the exception to the account to the extent of refusing to allow to

Littig the $314.46 for overpayments which had been made by the former trustee, Hance, but it overruled the exceptions as to the $371.92 which had been overpaid by Littig himself. The Circuit Court in its order upon these exceptions very properly held that as the entire estate, both principal and interest, was left to the appellees and they had received the benefit of the overpayment of interest, it was but equitable that they should make it good out of the principal which they were then about to receive.

At this stage of the proceeding the appellant and his then living co-executor, W. E. Swindell, filed a petition in the case asking to be awarded the $314.46 which had been found due to their testator, F. I. Hance, for overpayments of income by Auditor's Accounts " D " and " F 2." An Auditor's Account " I 2 " was stated and filed awarding the $314.46 to them according to the prayer of their petition. To this account the appellees excepted and the Circuit Court passed an order sustaining the exception and from that order the present appeal was taken.

The grounds of the appellees' exceptions to the allowance of the $314.46 to the appellant were that F. I. Hance had agreed to administer the trust without compensation ; that there had been an adjustment between the exceptants and Hance in his lifetime which included the $314.46, and that the appellant was debarred by his laches in not asserting his claim at an earlier time. No testimony was taken in support of these exceptions, which, except in so far as they rely upon laches, assert matters *in pais* that should have been proven and clearly proven when opposed to findings of finally ratified auditor's accounts.

It was contended in argument that inasmuch as there appears in one of the reports of Littig, trustee, an item of $50.06, received from "Lindsay Ex.," it must be presumed that it came from the executors of F. I. Hance and that there was a settlement of accounts between them and Littig, trustee, and that this $50.06 constituted the balance due to the trust estate by the former trustee. We do not think that the record affords

a sufficient ground for this contention.    The entry referred to
is simply "*Aug. 3rd, '91, Lindsay, Ex., $50.06.*"    It does not
indicate why the money was paid or by what Mr. Lindsay or
of whom he was executor.    At the time the payment was
made, Thomas J. Lindsay and Wm. E. Swindell, who has
since died, were jointly executors of F. I. Hance and they
appear as such in Littig's accounts when he charges himself
with "*cash from Lindsay and Swindell executors of Franklin I.
Hance former trustee* for interest in property of Margaret Hunt."

These two entries appear in the form in which we have
quoted them in Accounts " F 1," and " F 2," which were filed
on the same day.    This state of the accounts unexplained by
any evidence seems to us to indicate *prima facie* that the pay-
ment of $50.06 was not received from the executors of the
former trustee, F. I. Hance, at least it affords no sufficient
ground for the presumption that there was a settlement between
Littig and the executors of Hance which embraced within its
operation the $314.46 ascertained by Accounts " D " and " F
2," to have been overpaid the estate by F. I. Hance when act-
ing as trustee.

Mrs. Florence E. Bowie one of the appellees testified in
connection with exceptions filed to one of Mr. Littig's accounts,
that she had no knowledge or information regarding the ac-
counts filed in the case until recently and it was agreed by
counsel that the other appellees would if sworn testify to sub-
stantially the same thing, and their counsel contended that
they were therefore not bound by the accounts.    It appears
however from the record that at the time of the filing of all the
accounts Mrs. Bowie was an adult and was represented by
counsel of record in the case, and that although the other ap-
pellees were infants when the suit began a guardian *ad litem*
was appointed to answer and defend the suit for them.    It
further appears that when Account " F 2," in which the allow-
ance of $314.46 for overpayment appeared the last time, was
filed all of the other appellees but one had come to 21 years
of age and had neglected to appear by counsel in the case to
guard their own interests.    Neither the solicitor who appeared

for Mrs. Bowie nor the guardian *ad litem* of the other appellees was put upon the stand and interrogated as to their knowledge of the filing and ratification of these accounts. Furthermore rule 19 of the Circuit Court for Baltimore City which appears in the record, requires the auditor on the day of the filing of each account to mail to every party in the cause or his solicitor a postal card containing a notice of the filing of the account and of the day when it will in the absence of objection be finally ratified. In each of the auditors accounts in which the item of $314.46 for overpayment appears there is also an allowance to the auditor for notices under the 19th rule indicating in a *prima facie* way that he had discharged his duty in that respect.

In view of the facts thus appearing in the record and the failure of all parties to the controversy to produce any evidence disproving the accuracy of the accounts from time to time filed in the case or proving the payment of the balances found by the accounts to be due those balances must be treated as still unsatisfied.

Orders of final ratification of auditors' accounts are decretal orders and fall within the operation of the general rule that decrees and decretal orders after enrollment can be revised only by bill of review. They are *res adjudicata* as to all matters of defense which existed and were available to the defendants at their date. We have so recently in the case of *The National Marine Bank* v. *Heller, Hirsch & Co.*, 94 Md. 213, reviewed the authorities upon this subject as applied to the conclusiveness of .an order of final ratification of an auditor's account, that it would be superfluous to repeat the recital of them here. It was open to the appellees in the Court below to have proven a satisfaction of the debit of $314.46 established by the auditors' accounts, but they fail to do so either by direct evidence or by showing a state of facts inconsistent with its remaining unsatisfied. The death of Hance, the trustee, to whom the money was awarded, accounts in some measure at least for the delay in demanding its payment.

The appellees were the beneficiaries and substantial owners

of both the principal and income of the trust estate and there-
fore the two funds may, for the purposes of the settlement
now to be made between the parties, be treated as one fund.
F. I. Hance was found by Account "C," to be debtor to the
principal fund to the extent of $187.43 and by Account "D,"
which was confirmed by Account "F2," he was found to be
creditor of the income fund to the extent of $314.46. We
think that the appellant as Hance's surviving executor, should
now be entitled to receive from the fund, or from the appellees
if the fund has been paid over to them, the difference between
the debit and credit just mentioned, that is, he should receive
the sum of $127.03.

The order appealed from will be reversed with costs and the
case remanded for further proceedings in accordance with this
opinion.

*Order reversed with costs and case re-
manded.*

(Decided April 2nd, 1902.)