# J. FRANK GRIFFIN

*vs.*

# EDWIN M. WILMER.

*Mortgages—Possession of Property—Assignment—Rights of Judgment Creditor.*

The mortgagee is entitled to possession after default; and before default in the case of leasehold property.          p. 628

Where a mortgagee was entitled to possession of the mortgaged property, one to whom the mortgagee has conveyed his entire interest in the property, including the mortgage, is so entitled.          p. 629

A conveyance made by a mortgagee, purporting to convey an absolute title to the mortgaged property, conveys at least the mortgage interest.          p. 629

*Decided June 17th, 1920.*

Appeal from the Superior Court of Baltimore City (STUMP, J.).

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OF-FUTT, JJ.

*Frank Driscoll,* for the appellants.

*Alexander H. Robertson* and *David Ash,* for the appellee.

ADKINS, J., delivered the opinion of the Court.

Edwin M. Wilmer, as a judgment creditor of J. Frank Griffin, on August 6th, 1915, filed a bill in the Circuit Court

of Baltimore City against the said J. Frank Griffin and
The Griffin Real Estate and Construction Company of Balti-
more City, in which it was alleged that Wilmer was a judg-
ment creditor of Griffin to the extent of $311.40, with inter-
est and costs; that he was unable to find any property or
assets of said Griffin out of which said judgment could be
made except the interest of said Griffin in the corporation
known as The Griffin Real Estate and Construction Com-
pany of Baltimore City and in the property standing in the
name of said company; that said corporation is a mere blind
or scheme devised by Griffin to enable him to do business,
buy and sell real estate, and escape payment of his just
debts; that said corporation is merely a cloak under which
Griffin is trading and doing business on his own personal
account; that there is, among other property recorded in the
name of "The Griffin Real Estate and Construction Com-
pany," two pieces of leasehold property, viz, a lot and im-
provements on Warner Street, Baltimore City, and a lot and
improvements on Columbia Avenue, in said city; that said
lots were bought by Elijah J. Bond and J. Frank Griffin
personally as a real estate speculation, and were put in the
name of "The Griffin Real Estate and Construction Com-
pany" with the consent of said Bond, who was informed by
said Griffin that that was the name and style under which
he personally traded; that the said Bond advanced all the
purchase money to finance said deals; that the said Griffin
was to secure mortgages, collect rents, handle and finally sell
the said properties and they were to share equally in the
profits and losses of said transactions; that "The Griffin Real
Estate and Construction Company" has not and cannot have
any right, title or interest, legal or equitable, in said lease-
hold properties.

The prayer of the bill is: That said properties be declared
to be the property of J. Frank Griffin and of Elijah J. Bond
"in equal half interest"; that said judgment be declared to
be a lien on the half interest of said Griffin in said proper-
ties and on all other interests of Griffin held by and in the

name of "The Griffin Real Estate and Construction Company," and for the appointment of a receiver for the assets of said Griffin and the said corporation. An order *nisi* was passed on the bill requiring Griffin and "The Griffin Real Estate and Construction Company" to show why the relief prayed should not be granted; a copy of the bill and of the order was served on Griffin individually and on the company by service on Griffin as president. On September 21st, 1917, a decree was signed, the case having been submitted and the proceedings read and considered, in which it is decreed that said properties are, as between the parties to said proceedings, the property of J. Frank Griffin and Elijah J. Bond, in common, in equal half interest in each of said properties; that said judgment be declared to be a lien on the undivided half interest of the said J. Frank Griffin in each of the said properties, as well as on all other property of J. Frank Griffin in the State of Maryland; that David Ash be appointed receiver, with power and authority to take charge of the properties, books, papers and effects of or belonging to the said J. Frank Griffin and "The Griffin Real Estate and Construction Company," and certain other powers, including power to make sales of said properties. The judgment referred to in the above mentioned proceedings was entered on July 28th, 1915, in the Court of Common Pleas of Baltimore City. On June 26th, 1918, the said Wilmer filed a petition in the Circut Court of Baltimore City for leave to issue a writ of *fieri facias* as against all of the right, title and interest of J. Frank Griffin in said properties, and leave was granted by Judge Duffy, then sitting in said court. On August 21st, 1918, a writ of *fieri facias* was issued on said judgment, under which on October 28th, 1918, the interest of the defendant therein, J. Frank Griffin, in said properties was sold to Edwin M. Wilmer, trustee, for twenty dollars, and on January 2nd, 1919, the Sheriff of Baltimore City signed and acknowledged a deed granting and conveying to the purchaser the interest and estate in said properties sold by the sheriff under said writ. In the meantime Elijah J.

Bond had on July12th, 1918, executed a deed granting and conveying to Edwin M. Wilmer, trustee, all said grantor's interest and estate in said properties, which deed was left for record on August 31st, 1918. On January 30th, 1919, Edwin M. Wilmer, trustee, the appellee herein, filed in the Superior Court of Baltimore City a petition for a writ in the nature of a writ of possession, in which J. Frank Griffin, Isaac Merowitz, the Ridge Realty Company, a body corporate, and the Savings and Loan Association, a body corporate, are made defendants, and in which petitions are found the following recitals, viz: The above mentioned judicial sale and sheriff's deed; that the said two lots of land and premises are now, respectively, in actual possession of a certain Isaac Merowitz, and the Ridge Realty Company, said possessors, respectively, holding under deeds subsequent to the date of the judgment aforesaid; that the said Savings and Loan Association claims to be the holder of an alleged mortgage on the Warner Street property created subsequent to the judgment aforesaid; that demand has been made on each of the above named defendants, respectively, for the surrender of the possession of the lease and premises aforesaid unto said petitioner, and that said demand has not been complied with. The prayer of the petition is for a writ in the nature of a writ of *habere facias possessionem.*

The respondents filed their answer, containing several paragraphs, to all of which petitioner demurred, except one, to which he replied. Demurrers were sustained and the case went to trial. It is unnecessary for the purpose of our decision to refer more in detail to the answer and replication and the rulings of the court, except to say that by the remaining clause in the answer the important facts in the case were put in issue. The trial court ordered the writ to issue. A number of exceptions were taken, but we shall deal only with the exception reserved to the refusal of the court to direct a verdict for the defendant.

The undisputed evidence in the case shows the following facts, viz:

1. That the leasehold property in controversy was conveyed to the Light Street Savings and Building Association by the following mortgages, respectively, which were offered in evidence, viz: Mortgage from Henry C. Gartside (who subsequently conveyed his equity of redemption by deed dated June 6th, 1913, to the Griffin Real Estate and Construction Co.), dated June 6th, 1913, and recorded on this same day. Mortgage from the Griffin Real Estate and Construction Co., dated January 16th, 1914, and recorded the same day.

2. That the judgment in favor of Edwin M. Wilmer against J. Frank Griffin was entered on July 28th, 1915, in a suit begun June 11th, 1915.

3. That in neither of the above mentioned mortgages was there any provision permitting the mortgagor to remain in possession.

4. That before the filing of the petitions in this case (January 30th, 1919), and indeed before the decree in the equity case of *Wilmer* v. *Griffin* and the *Company* (Sept. 21, 1917), there had been default in both of said mortgages.

5. That before the filing of the petitions in this case and before the date of said decree the Griffin Real Estate and Construction Co., which then held the record title to the equity of redemption in the leasehold lots described in both mortgages, granted and conveyed said lots to the Light Street Savings and Building Association by deed dated January 18th, 1917, subject to the ground rents.

6. That before the filing of said petition the Light Street Savings and Building Association by deeds dated respectively August 21st, 1918, and August 3rd, 1918, and duly recorded, granted and conveyed said lots to Isaac Merowitz and the Ridge Realty Company, respectively, subject to the respective ground rents.

7. That at the time of the filing of the petition in this case for the writ of *habere facias possessionem* said last mentioned grantees were in actual possession of said lots respectively.

There is no evidence in the case legally sufficient to prove that at the time appellee purchased Griffin's interest in the equity of redemption at sheriff's sale, he (Griffin) was entitled to possession of the property.

On this statement of facts the writ should have been refused, and the first prayer of defendants withdrawing the case from the court sitting as a jury should have been granted.

There can be no doubt under the decisions in this State that, certainly after default (and before default in cases of leasehold property), the mortgagee is entitled to possession. *Jamieson* v. *Bruce,* 6 Gill & J., 72; *McGuire* v. *Benoit,* 33 Md. 186; *Bank of Commerce* v. *Lannahan,* 45 Md. 407; *Chelton* v. *Green,* 65 Md. 272; *Annapolis R. R. Co.* v. *Gantt,* 39 Md. 140; *Deakins* v. *Rex,* 60 Md. 593; *Commercial Building & Loan Association* v. *Robinson,* 90 Md. 618; *Gibbs* v. *Didier,* 125 Md. 492.

So if the Light Street Savings and Building Association, the mortgagee, had been in possession at the time of the filing of the petition in this case, there could be no doubt about the question.

What, then, is the position of Merowitz and the Ridge Realty Company, who were respectively in possession as grantees of said mortgagee?

It is earnestly contended by appellee's counsel that these grantees have not the right of possession because the deeds to them purport to convey an absolute title, their grantor having taken a deed from the mortgagee company of its equity of redemption after the filing of the bill in this equity case to have said property declared to be the individual property of Griffin, although said deed was given before the decree in said case. It is more than a serious question whether said equity proceedings had any effect as to the Light Street Savings and Building Association and its grantees, but it is not necessary to decide that question here. It is significant, however, that the decree by its terms was confined in its operation to the parties to the suit.

There can be no doubt about the right of the said association to assign its mortgage to the said grantees, nor can there be any doubt that in this deed from it to them it intended to convey its entire interest in the property, including the mortgage; so that if nothing more was actually conveyed by the deeds from the association to the said grantees, and if they are not the owners of said lots under said deed, they certainly own what their grantor had the right to convey, which was at least its mortgage interests in said lots; and, being owners at least of said mortgage interests, they were at the time of the filing of the petition in this case entitled to possession and, it is admitted, were in actual possession.

It must be kept in mind that appellee purchased at sheriff's sale only the interest of Griffin, and can have no greater rights than those of the mortgagor. Of course there was and could be no claim made that the mortgage itself was affected by the subsequent equity proceedings.

*Judgment reversed, with costs to appellants.*