## In re SHAPIRO.

### Petition of SCHUMACHER & SEILER, Inc.

### No. 9182.

District Court, D. Maryland.
Aug. 14, 1940.

738

Louis M. Silberstein, George E. Robinson, and Edward B. Sandler, all of Baltimore, Md., for petitioning creditors.

G. Ross Veazey, Cook & Markell, Daniel S. Sullivan, Jr., and C. Morris Harrison, all of Baltimore, Md., for Schumacher and Seiler.

CHESNUT, District Judge.

In the above bankruptcy case the Referee, on the petition of the trustee, set aside a $5,000 mortgage by the bankrupt to Schumacher & Seiler, Inc., because it was invalid as a mortgage for future advances under the Maryland Code, Article 66, section 2 which in part provides: "and no mortgage to secure future loans or advances *shall be valid* unless the amount or amounts of the same and the times when they are to be made shall be *specifically stated* in said mortgage". (Italics supplied.)

The mortgage was defective because it failed to state the amounts to be severally advanced and the times thereof. The mortgagee has petitioned for review.

The facts are stated in the Referee's opinion filed October 18, 1939. Some little further testimony was taken here in Court but it does not materially change the facts. After hearing counsel in oral argument and study of the applicable law, I reach the conclusion that the Referee's order must be affirmed.

The mortgage on its face is clearly one for future advances, and equally clearly does not comply with the statute and the Maryland decisions applying it. The leading Maryland case is High Grade Brick Co. v. Amos, 95 Md. 571, and particularly 590, 591, and 598, 52 A. 582, 53 A. 148. See, also, Groh v. Cohen, 158 Md. 638, 642, 149 A. 459; Ressmeyer v. Norwood, 117 Md. 320, 83 A. 347. The Maryland cases are fully reviewed in the Referee's opinion and also by Mr. R. Dorsey Watkins in his article entitled "Maryland Mortgages for Future Advances", 4 Maryland Law Review 111, February, 1940. The invalidity of the particular mortgage under this statute is so clear that no extended discussion is necessary. Counsel for the mortgagee submit an elaborate argument to the contrary, citing other Maryland cases in which the Court held, under particular facts, other mortgages not invalid under the statute. These cases are all distinguishable. In reading the cases it is important to bear in mind that section 2 of Article 66 is an aggregation of several separate Acts of Assembly enacted at different times. Some of the cases cited deal with parts of the statute not here involved. In most if not all of the cases dealing with the part here involved the mortgages were not attacked by reason of what appeared on the face of the mortgage but on the real facts of the case. The question before the Court in such cases was whether the mortgage was in fact one for *future* advances or for a *present* indebtedness. In the instant case the mortgage on its face is clearly one for

future advances, and there is no controversy as to the facts.

Counsel for the mortgagee now earnestly contend that, even if the mortgage does not comply with the statute, it is an equitable mortgage superior to the position of a subsequent judgment creditor, as represented under the Bankruptcy Act by the trustee, U.S.C.A. Title 11, section 110, sub. c. This question was not discussed in the Referee's opinion. It must be determined under the applicable Maryland statutory and case law. Fisch v. Steingold, 4 Cir., 79 F.2d 448. High Grade Brick Co. v. Amos, supra, is an express decision to the contrary. There the mortgage for future advances, not in compliance with the statute, was set aside at the suit of a subsequent simple contract creditor, after the mortgagee had in fact made large advances of money under the mortgage. The mortgagees contended that the mortgage was at least good as an equitable mortgage but the Court at page 598 of 95 Md., 53 A. at page 149, denied the contention saying: "to do so would be to exercise our equitable powers to defeat not only the policy, but the positive provision, of the statute law."

The Court also said, 95 Md. at page 591, 52 A. at page 586: "The mortgages having been in fact intended to secure future advances, and failing to comply with the positive requirements of the section last referred to of the Code, they are, under its express provisions, altogether invalid."

■ Counsel for the mortgagee relies on the well established general equitable principle that a specific equity in property is superior to a subsequent general judgment lien. This general principle of equity jurisprudence is well established in Maryland, but it yields to a statute to the contrary. The leading Maryland case is Dyson v. Simmons, 48 Md. 207, 214, 216. See, also, Valentine v. Seiss, 79 Md. 187, 28 A. 892; Cramer v. Roderick, 128 Md. 422, 98 A. 42. In these cases the principle was applied, except as modified by statute, in favor of defectively executed, acknowledged, or recorded deeds or mortgages. The reasoning was that, where the property owner has power to charge the property, his conveyance, defective "by reason of some informality or omission, such as failure to record in due time, defective acknowledgement, or the like, though even by the omission of the mortgagee himself, as the instrument is at least evidence of an agreement to convey, the conscience of the mortgagor is bound, and it will be enforced by a Court of equity." Dyson v. Simmons, supra, 48 Md. at page 214. But it must be noted that in Cramer v. Roderick, supra, 128 Md. at page 424, 98 A. 42, as to defective mortgages a particular statute in favor of subsequent creditors must be given effect. See Maryland Code, Article 21, section 19 and Article 16, section 35. See, also, In re Rosen, D.C.Md., 23 F. 2d 687; Moore v. Bay, 284 U.S. 4, 52 S. Ct. 3, 76 L.Ed. 133, 76 A.L.R. 1198.

■■ It is clear that the general equitable principle cannot avail against a specific statute. The question here, therefore, is whether the statute (Maryland Code, Article 66, section 2) is necessarily contrary to the general equitable principle. It was expressly so held to be in High Grade Brick Co. v. Amos, supra, because the statute announced the policy of the law with respect to mortgages for future advances and made positive provisions of statute law with respect thereto. And the Court also said at page 591 of 95 Md., 52 A. 582, at page 586, 53 A. 148, that the nature of the statute required strict compliance therewith. The case also cited the earlier cases of Warner v. Rice, 66 Md. 436, 437, 8 A. 84; Scott v. Keane, 87 Md. 709, 40 A. 1070, 42 L.R.A. 359, where "subsequent creditors of the grantor were permitted to assail conveyances that were held to be void because [they were] against the policy of the law, without reference to the real motives of the grantors in making them. There is at least equally strong ground for holding that the appellant, as a subsequent creditor, is entitled to assail the mortgages in this case, which are contrary to the express provisions of the statute law." This case is, therefore, different from situations in which defectively executed, acknowledged, or recorded conveyances are treated as equitable liens superior to subsequent creditors. In the instant case the mortgage was not merely defective as to some formal matter but is altogether invalid because contrary to the policy of the law and the express provisions of the statute. Or, in other words, the mortgagor had no power or authority under the statute to create a lien on the property by a mortgage of this kind. For analogous cases dealing with chattel mortgages on shifting stocks of merchandise see Clark v. Grimes, D.C.Md., 232 F. 190, affirmed, 4 Cir., 234 F. 604; Knapp v. Mil-

740

waukee Trust Co., 216 U.S. 545, 30 S.Ct. 412, 54 L.Ed. 610; In re First National Bank, 6 Cir., 135 F. 62.

High Grade Brick Co. v. Amos, supra, is still the leading case in Maryland on this point. It has not been overruled by any subsequent decision. It has frequently been cited with approval although often distinguished on the facts. The only subsequent case brought to my attention as supposedly inconsistent with it is some language in Groh v. Cohen, 158 Md. 638, 645, 149 A. 459. In that case the Court held invalid under the statute a mortgage, not on its face but in fact for future advances, as against subsequent mechanics' lien claimants; but nevertheless gave the mortgagee, to the extent of the advances made thereunder, priority over a judgment creditor of the mortgagor-debtor, where the judgment was obtained prior to the acquisition by the debtor of the mortgaged property. The factual situation in that case was unusual. If the mortgagor-debtor had owned the particular property when the prior judgment was obtained, obviously the judgment would have been a prior lien to that of the subsequent mortgage. The property subsequently conveyed to the debtor was acquired by him only from the proceeds of monies supplied by the mortgagee. In that situation the Court felt that it would not be just to prefer the prior judgment to the subsequent defective mortgage. It is true that the opinion in the case, in support of this view, referred to the general equitable principle that the equity of a prior specific lien created by a defective mortgage or conveyance takes precedence over the only general lien of a judgment, without adverting to the exception to the rule where the mortgage is invalid by reason of an express statute declaring the policy of the law, as above decided in the case of High Grade Brick Co. v. Amos; but on carefully considering Groh v. Cohen, I am of the opinion that it was not intended by the court in any way to overrule or qualify the Amos case because it was in fact cited and relied on in determining the invalidity of the mortgage under the statute. 158 Md. at page 643, 149 A. 459.

█ It is also urged for the mortgagee that the subsequent creditors had constructive notice of the mortgage by its recording, and could have learned the true situation by inquiry. A similar contention was made and rejected in Scott v. Keane, 87 Md. 709, 723, 40 A. 1070, 42 L.R.A. 359, because the recorded instrument was contrary to the law.

I, therefore, conclude that the mortgage in this case was properly set aside by the order of the Referee. I reach this conclusion with some regret because it is not disputed that both the mortgagor and the mortgagee acted in entire good faith, and the mortgagee, within a period of a few months of the date of the mortgage, did advance in money or merchandise the full amount of the mortgage debt. But it is proverbial that "hard cases make bad law". In this case, the parties though acting in good faith simply undertook to create a lien which the statute says is invalid, that is, may not be created at all because against the definite policy of the law.

The order of the Referee is hereby affirmed.