CLARK AND MANKIN
vs.
ELIZABETH B. ABBOTT
AND
WM. H. V. CRONISE.

September Term, 1849.

[PRACTICE—SALES BY TRUSTEES—RENTS OF MORTGAGED PROPERTY.]

A court of equity will always ratify and confirm that when done, which, as a matter of course, if previously applied to, it would have ordered to be done.

A decree was passed, authorizing the trustee to sell so much of the mortgaged property as would be necessary to pay the amount then due. The execution of this decree was stayed by injunction, and in the mean time, other installments of the mortgage debt became due. After the injunction was dissolved, the trustee sold so much of the property as would satisfy the amount due at the time of sale. Held—

That, as the decree must be regarded as standing as a security for the entire mortgage debt, the court, if applied to, would have empowered the trustee to do what he has done, and will, therefore, give its subsequent assent to the act.

A mortgagee having given notice to the tenants holding the mortgaged premises, under leases granted by the mortgagor, either before, or after the date of the mortgage, is entitled to receive from the tenants, the rents in arrear at the time of the notice, as well as those which accrue afterwards.

Trustees, acting under decrees to sell, have been permitted, when sales of the property could not be readily or advantageously made, to rent it, and account for the rents to the parties entitled to the proceeds, and the court will give like authority to collect and account for rents due, when the sales are effected.

[The facts of this case will appear from the Chancellor's opinion.]

THE CHANCELLOR:

This cause is brought before the court upon the order of the 17th of September last, passed upon the petition of the complainants, praying that the trustee appointed to sell the mortgaged property may be authorized to collect and receive certain rents and interest which had accrued thereon prior to the sale.

And, in addition to the answer of the defendant, Mrs. Abbott, in opposition to the prayer of the petition, objections are interposed by her to the ratification of the sale made by the trustee.

The decree which was passed on the 8th of July, 1848, authorized the trustee to sell so much of the mortgaged property as would be necessary to pay the amount then due; and the first and second objections to the ratification of the sale, charge, that he transcended his power in this respect, by selling to an amount far exceeding the installments due at the period of the decree. Soon after the passage of the decree, to wit, on the 22d of February, 1849, a bill was filed in this court by Mrs. Cronise, who was a party to the mortgage, praying for the reasons therein stated, that the execution of the decree might be stayed by injunction, which was ordered and continued in force, until the 23d of July last, when it was so far dissolved as to authorize the trustee to sell the interest of Mrs. Abbott and Cronise, the husband of the complainant in that case, but continued in force with regard to the reversionary interest of the complainant.

The trustee thereupon proceeded to sell; on the 23d of August last, he made sale of the property, or of the interests of Mrs. Abbott and Cronise the husband, therein. The sales amounting in gross to the sum of $6,149 78. The installments of the mortgage debt due at that time amounted to $5,502, and on the 29th of the then ensuing month of September a further installment of $750 became due, which would have carried the debt to an amount exceeding the gross sum of the sales.

It is quite probable, indeed, that the latter will be little, if any, more than adequate to pay the amount actually due at the period of the sale; when the expenses and costs of the proceedings, including the commission of the trustee, are deducted.

Looking to the language of the decree, the trustee was only authorized to sell to pay the amount then due; but it can hardly be questioned that upon an application, stating the delay, and the causes which had delayed the execution of the decree, the court would have authorized the trustee to sell, to pay the installments which had fallen due in the interval; and it is a well established principle of equity, that the court will sanction, when done, what, upon application, it would have authorized to be done. The sale is not impeached upon the ground of inadequacy of price, nor upon any other ground affecting the substantial merits. The objection is, that more property has been sold than was sufficient to pay those portions of the mortgaged debt which were due when the decree passed. The answer to this is, that before the trustee could sell, other portions of the debt became due, and as the property mortgaged was a security for those other portions, as well as for those which became due anterior to the decree; and as the decree must be regarded as standing as a security for the entire mortgage debt, the court, if applied to, would have empowered the trustee to do what he has done, and will now, upon the principle already referred to, give its subsequent sanction to the act.

The third exception taken to the ratification of the sale, was, "that the said trustee has sold stock, and debts secured by mortgage, whereas such interests were not liable to be sold under said decree." The mortgagors professed to convey to the

mortgagees, "all the estate and property, real, personal and mixed, without reservation or exception, wheresoever situate or being, to which they or either of them were in any manner entitled, interested in, or could claim;" and the decree was for a sale of "the mortgaged property in said proceedings mentioned, or so much thereof," &c.

[As to this exception, the Chancellor said :]

In answer to the third exception to the ratification of the sale, it may be sufficient to say, that the decree authorizes a sale of the mortgaged property, without restriction or limitation, and it is believed, that if this court has erred, the only remedy is by appeal, or by some other proceeding by which such errors can be reviewed and corrected.

The propositions of law announced above, are maintained, it is thought, by the cases of *Campbell* vs. *McComb*, 4 *Johns. Ch. Rep.*, 534, *and Harris & Chauncey* vs. *Alcock*, 10 *G. & J.* 226.

By the former it was decided, that though the mortgagor, as owner of the equity of redemption, may, by paying the interest and costs due, stay the sale, the decree of foreclosure will remain as a further security to enforce the payment of the future interest and the installments of the principal, as they respectively become due. And by the latter, at page 252, the position that the court will always ratify and confirm that when done, which, as a matter of course, if previously applied to, it would have ordered to be done, is stated with a perspicuity and emphasis which is incapable of misconstruction.

No sufficient reason, then, appearing for vacating the sales, they will be confirmed ; and the only question remaining to be disposed of, arises upon the petition of the complainants, that the trustee may be authorized to receive the rents and interests which accrued on the mortgaged property prior to the sales.

It appears by a statement of the claim of the complainants, filed in conformity with the act of 1833, ch. 181, that the installments of the mortgage debt due and to become due, amount to $10,002, and as the gross proceeds of the sales are only $6,149 78, the deficiency is large; and the mortgagees are threatened

with a heavy loss, from which probably they may not be protected, even if their present application is successful.

The authorities show very clearly, that a mortgagee, having given notice to the tenants holding the mortgaged premises under leases granted by the mortgagor, either before or after the date of the mortgage, is entitled to receive from the tenants the rents in arrear at the time of the notice, as well as those which accrue afterwards. *Moss* vs. *Gallimore and another*, 1 *Douglas*, 278; *Pope* vs. *Biggs*, 17 *Eng. C. L. Rep.*, 368; 1 *Powell on Mortgages*, 175, 176, 177.

In this case, the requisite notice appears to have been given on the 23d of February last, from which period it is presumed no payments have been made to the mortgagors; and as from that period the tenant could not be compelled to pay the mortgagors, it would seem to follow, that if the rents cannot be collected under the authority of this court, and applied to the extinguishment of the mortgage debt, they cannot be collected at all.

The objection taken by Mrs. Abbott to the application of the petitioners is, that by the terms of the decree, the petitioners are entitled to ask for nothing more than a sale of the principal mortgaged estate; and that this court has no authority or jurisdiction, by order on said petition, to direct said rents or arrears, or any part thereof, to be collected and paid over to said petitioners. But cases are not unfrequent in this court, in which trustees, acting under the authority of decrees similar in their terms to the present, have been permitted, when sales of the property could not be readily or advantageously made, to rent it, and account for the rents to the parties entitled to the proceeds of the sales; and no reason suggests itself why the court may not give the like authority to collect and account for rents due, when the sales are effected. And as in this case it is apparent that the money raised by the sales is quite inadequate to pay the mortgage debt, the propriety of applying the rent to that object is most obvious.

The court will, therefore, give the trustee power to collect the interest and rents due upon the mortgaged property, and

bring the money into court, to be disposed of as justice may require. If the application of these rents shall accelerate the payment of the debt due the mortgagees, full authority for such a course may be found in the case of *Burton* vs. *Smith et al.*, 13 *Peters*, 464.

[No appeal was taken from this order.]