CHARLES DOLAN *vs.* ALBERT THOMPSON & others.

Suffolk. March 2. — July 16, 1880. ENDICOTT & SOULE, JJ., absent.

If A. brings an action upon a promissory note against B., who sets up in defence that he has paid the note and that he has a claim in set-off against A. larger than the amount of the note, and the jury return a verdict for B. under his declaration in set-off, the verdict is conclusive that A. had a cause of action against B., and the latter cannot maintain an action against A. for malicious prosecution founded upon such cause of action.

LORD, J. The plaintiff brings his action against these defendants for a malicious prosecution. The alleged malicious prosecution was an action commenced on March 5, 1874, upon two promissory notes signed by this plaintiff. There is also an allegation in this declaration that the defendants without any just cause commenced proceedings in bankruptcy against this plaintiff, subsequently upon their own motion dismissed; but whether this allegation is regarded as a substantive cause of action, or simply as incident to and an aggravation of the suit upon the notes, it is immaterial to consider; whether it be the one or the other, the result must be the same.

In the suit brought by the defendants against the plaintiff, he rested his defence upon two grounds; first, that he had paid both the notes, and the payment of the two notes was in the same mode, and there was no claim that either of said notes was paid and not the other, the agreement set up by the defendant being the same as to each note; second, that he had a claim in set-off against the present defendants, larger than the amount of the two notes. That claim was denied by the present defendants, and, although they admitted their liability to some one for the amount of that claim, they alleged and undertook to establish the fact that their liability was to a son of the plaintiff, against whom they had also claims. It will be perceived that several issues were involved in that trial. If the notes had been paid, the plaintiffs had no cause of action, and perhaps it might be assumed no probable cause of action. If they had not been paid, whether the defendant had a claim against the plaintiffs or not, and whether to a greater or less amount than the amount of the notes, they had an absolute

right of action upon the notes. The verdict in that case is conclusive that the plaintiffs had a cause of action. The legal effect of the finding of the jury was necessarily that the parties had mutual demands against each other. The verdict is decisive that the claim of this plaintiff that the notes had been paid was not sustained; for one of the notes having been withdrawn from the suit, the jury have found that the amount which the plaintiff contended had been appropriated to the payment of that note had never been so appropriated, and, under his declaration in set-off, allowed to him the amount of his claim to that extent. The subsequent agreement between the parties, by which a portion of the damages awarded to the defendant on his declaration in set-off was appropriated to the payment of such note, is further illustrative of the same fact.

It follows, therefore, as matter of law, that the present defendants had a cause of action against the plaintiff, upon which they might commence a suit at law or proceedings in bankruptcy, or both.                              *Exceptions overruled.*

*I. W. Richardson & J. W. Keith,* for the plaintiff.

*R. M. Morse, Jr., (J. H. Hardy* with him,) for the defendants.