WILLIAM E. CLEMENTS *vs.* THE ODORLESS EXCA-
VATING APPARATUS COMPANY.

*Malicious prosecution—Probable Cause—Decision of lower
Court—Evidence.*

An action will lie in some cases for the malicious prosecution of a
civil suit without probable or reasonable cause, although there is
some conflict as to the cases embraced within the rule. But such
suits are not encouraged.

The plaintiff in an action for malicious prosecution offered in evi-
dence the record of a proceeding in a Circuit Court of the United
States to restrain an alleged infringement by him of certain patent
rights, in which, on proof taken, and after argument by counsel of
the respective parties, the Court was of the opinion that said patent
rights had been infringed and that the plaintiff in the suit in the
United States Circuit Couit was entitled to the relief prayed,
but this judgment was reversed on appeal to the Supreme Court.
HELD:

That the judgment thus rendered, ought to be considered conclusive
as to the question of probable cause, although it was·afterward
reversed on appeal, and the plaintiff was not entitled to recover.

APPEAL from the Superior Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued for the appellant before ALVEY,
C. J., YELLOTT, STONE, MILLER, ROBINSON, and BRYAN, J,
and submitted on brief for the appellee.

*John F. Preston,* for the appellant.

*J. Alexander Preston,* for the appellee.

ROBINSON, J., delivered the opinion of the Court.

A bill was filed by the appellee in the United States
Circuit Court for the District of Maryland against the

appellant, for the infringement of reissued letters patent granted to Lewis R. Keizer for an apparatus used in cleaning and emptying privies, the original patent having been granted to Henry C. Bull. The appellant, in his answer, denied that Bull was the inventor of the apparatus described in the original patent, and charged that the reissued letters patent granted to Keizer were not for the same invention described in the original patent, but for other and different inventions, not known to Bull at the time the original patent was granted; and further, that the said reissued letters patent were fraudulently obtained, and that the specifications and claims were fraudulently enlarged for the purpose of including other and subsequent inventions. The appellant also claimed that the apparatus or machine used by him was constructed in accordance with letters patent granted to Samuel R. Scharf and Jerome Bradley.

The case was heard on bill, answer and proof, and the Circuit Court, (Judges BOND and MORRIS,) being of opinion, that the machine used by the appellant was an infringement of the reissued letters patent granted to Keizer, enjoined the appellant from making, using or vending said machine containing the inventions and improvements described in said re-issued letters patent. On appeal to the Supreme Court of the United States, the decree below was reversed, on the ground that the improvement claimed in the reissued letters patent granted to Keizer was but an expansion of the Scharf and Bradley improvements.

This action is brought by the appellant to recover damages of the appellee for having instituted suit in the United States Circuit Court *maliciously and without probable cause.* Whatever may be said of the earlier decisions, it is quite well settled that an action will lie in some cases for the malicious prosecution of a civil suit without probable or reasonable cause, although there is some conflict as to the cases embraced within the rule. Such suits

are not, however, encouraged, because the law recognizes the right of every one to sue for that which he honestly believes to be his own, and the payment of costs incident to the failure to maintain the suit, is ordinarily considered a sufficient penalty. In *McNamee vs. Minke,* 49 *Md.,* 122, we had occasion to consider the law in regard to such actions, and the Court said: "When it has been attempted to hold a party liable for the prosecution of a civil proceeding, it has generally been in cases where there has been an alleged malicious arrest of the person, as in the case of *Turner vs. Walker,* 3 *G. & J.,* 377, or a groundless and malicious seizure of property, or the false and malicious placing the plaintiff in bankruptcy, or the like." Now if it be conceded that a bill in equity by the appellee, to restrain the appellant from using an apparatus or machine, on the ground that it was an infringement of letters patent issued to the plaintiff, comes within the rule thus laid down, without, however, so deciding, it is sufficient to say, there was no evidence in this case to sustain the action. To entitle the appellant to recover, he was bound to offer evidence from which a jury could reasonably find that the bill for an injunction was instituted by the appellee not only *maliciously,* but *without probable cause.*

Now what was the evidence relied on to support the action? In the first place, the appellant offered the record of the appeal from the decree of the Circuit Court, and the decree of the Supreme Court reversing the same. By this record, it appears that the injunction proceeding was heard by the Circuit Court on proof taken by both sides, and after argument by counsel of the respective parties, that Court was of opinion that the apparatus used by the appellant was an infringement of the patent rights of the appellee. It was the deliberate judgment of a Court of competent jurisdiction, that there was not only a probable cause for filing the bill for injunction, but that the appellee was entitled to the relief prayed. A judgment thus

Clements *vs.* Odorless Excavating Apparatus Co.

rendered ought to be considered conclusive as to the question of probable cause, although it was reversed on appeal by the Supreme Court, otherwise in every case of reversal an action would lie for the institution of the original suit.

The appellant then offered in evidence the record in a suit brought by the appellee against Thomas Quillan, for using an apparatus bought by him of the appellant, and in which suit the Circuit Court was of opinion that the apparatus thus used was an infringement of the patent rights of the appellee, and then proposed to show that the decree in that case was the result of fraud and collusion between the appellee and Quillan. So in a suit by the appellant against the appellee, for the malicious institution of a civil proceeding, the jury was to determine the merits of a controversy between the appellee and another party. We do not see on what grounds the Quillan Case could be offered in evidence in this suit, because it was between other parties; and besides, whether brought by the appellee in good faith or bad faith, it did not tend to show that the bill filed against the appellant was without probable cause. And in addition to all this, the appellant in his answer to the injunction suit made substantially the same averment in regard to the Quillan Case, and what was considered and passed upon by the Circuit Court.

Finding no error in the several rulings below the judgment will be affirmed.

*Judgment affirmed.*