## EFFA A. OWENS *v.* G. CLEM GRAETZEL.

*Malicious Prosecution—Of Civil Suit—Probable Cause.*

Upon default under the terms of a mortgage in the payment of the ground rent upon the property, *held* that the mortgagee was entitled to the possession of the property and to collect the rents.                                                                   p. 693

A mortgagor cannot recover against the mortgagee in an action of trespass *quare clausum fregit,* merely because the mortgagee secured the appointment of a trustee to sell under the mortgage, and because such trustee took possession, and in the discharge of his duties secured a tenant in the place of one who left, and collected and accounted for the rents.       p. 693

Actions for the malicious prosecution of civil suits are not encouraged.                                                                  p. 694

No action will lie for the institution and prosecution of a civil action with malice and without probable cause, when there

has been no arrest of the person nor seizure of defendant's property, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action; but such action will lie whenever defendant in the malicious suit has been deprived of his personal liberty, or of the possession, use, or enjoyment of property.                    p. 693

Malice may be inferred from want of probable cause.
                                        p. 696

Probable cause in a civil action is a reasonable ground for a belief in the existence of such a state of facts as would warrant the institution of the suit or proceedings complained of.
                                        p. 696

In a suit for the malicious prosecution of a civil proceeding, a judgment or decree by a court of competent jurisdiction adverse to the defendant in the proceeding is, in general, conclusive proof of probable cause, although the judgment was reversed in the appellate court.                    p. 696

That the motive of a mortgagee, in foreclosing the mortgage in accordance with the express terms thereof, was sinister and malicious, was immaterial, since such a motive does not make wrongful an act which is otherwise within the party's legal rights.                    p. 697

The decree of the chancellor, in a mortgage foreclosure proceeding, that, on a construction of the mortgage, the mortgage was in default, was conclusive as to the existence of probable cause for the proceeding, although such decree was subsequently reversed.                    pp. 697, 698

The Court of Appeals will dispose of an appeal although the appellant's death has been suggested to it, the death having occurred after the beginning of the term at which the case was to be argued, the suggestion being unverified, and not indicating who is the executor or administrator, and there having been no action in behalf of the personal representative.    p. 698

*Decided January 21st, 1926.*

Appeal from the Baltimore City Court (DUKE BOND, J.).

Action by Effa A. Owens against G. Clem Graetzel. From a judgment for defendant, plaintiff appeals. Affirmed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*James Morfit Mullen,* for the appellant.

*Frank Driscoll,* for the appellee.

PARKE, J., delivered the opinion of the Court.

The action in this case is the sequel of the decision by this Court in the appeal of Effa A. Owens v. G. Clem Graetzel, decided on July 22nd, 1924, and found reported in 146 Md. 361. Effa A. Owens and Harry Haslip borrowed of G. Clem Graetzel, on August 1st, 1923, the sum of $3,200, and secured its payment by a mortgage deed of assignment granting a leasehold property in Baltimore City. The mortgagors gave their promissory note for the indebtedness, bearing even date with the mortgage, and payable two years after date, with interest payable quarterly on the first days of August, November, February and May. On the execution of this mortgage, prior liens on the property and claims were discharged out of the loan, including an item of forty-eight dollars for three months' interest in advance on the new mortgage loan, and the residue paid by check to both mortgagors, although it appears that the money ultimately was received by the appellant. The mortgage deed of assignment contained the usual provision in the prevalent form of city mortgages for a consent decree and a sale in the event of any default by the mortgagors in the performance of their covenants under the mortgage.

On November 8th, 1923, a petition was filed by Graetzel in equity, with the original mortgage as an exhibit, praying for a decree of sale for the purpose of foreclosure; and on the same day a decree was passed appointing George H. Leimkuhler trustee to sell. After the trustee qualified by bonding, the sale was made to Mildred B. Whiting for $4,050, and so reported to the court on December 6th, 1923; and five days later Mrs. Owens excepted to the ratification of the sale. The exception was heard, after the respective

parties had taken testimony in open court, and on February 11th, 1924, the exception was dismissed and the sale was ratified. On the appeal the Court reversed the decree ratifying the sale because the advertisement was defective in running for twenty days, excluding both the day of its insertion and the day of sale, when the notice should have been published for three clear weeks; and because there had been no default in the performance of the conditions of the mortgage deed of assignment.

The mortgagee contended, and the lower court so held, that the interest was payable quarterly in advance, and, therefore, on November 1st there was a default in the payment of the interest which was not then paid. This Court decided that, although the mortgagors paid the first quarter's interest in advance and although the language was susceptible of the mortgagee's construction, yet, as the mortgagee had prepared the mortgage deed, its ambiguous terms should be taken most strongly against the mortgagee, and, therefore, the ambiguous terms would not be construed to require the payment of interest quarterly in advance. As a result of this reversal, the chancellor, on September 23rd, 1924, rescinded his former ratification of the sale; and declared the sale void, and directed that the trustee account for and report all his collections during the law suit.

On October 14th, 1924, Effa A. Owens, one of the mortgagors, brought an action for damages against the mortgagee, G. Clem Graetzel. In the form finally assumed by the declaration at the trial of the case there were four counts. The first count is in case, on the theory that the institution of the premature foreclosure proceedings was in the nature of a malicious prosecution, having been "falsely and maliciously instituted and conducted." The second and third counts are for a trespass *quare clausum fregit;* and the fourth count is in case, and its gravamen is the institution of the premature foreclosure proceedings "wilfully, wantonly, maliciously and in wilful disregard of the rights of the plaintiff."

At the time of the execution of the mortgage to the appel-

lee, the appellant did not have title to the leasehold property, as she had conveyed it to Harry Hazlip by deed of assignment bearing date on July 21st, 1923, and recorded two days later. The same property was re-assigned to her by Harry Hazlip on August 15th, 1923, but this instrument was not recorded. The appellant did not occupy the premises, but collected the rent from her tenant in possession, who had paid the rent to October 20th, 1923. The subsequent rentals were collected by Alvin R. Whiting, for George H. Leimkuhler, the trustee, who accounted for them when the sale made by him was set aside; and, pending the outcome of the litigation, the later rent has also been collected, pursuant to an order of the chancellor, by Alvin R. Whiting, a trustee to sell the property under a second mortgage foreclosure proceedings. Nothing has been paid by the appellant on the interest or principal of the indebtedness, nor has she paid the taxes, nor the ground rent on the premises falling due half yearly on December 1st and June 1st. The appellant was not dispossessed of her property by the appellee. Her tenant remained until January 5th, 1924, when she left. At this time there was unquestionably a default under the terms of the mortgage in the payment of the ground rent, and, therefore, the mortgagee was entitled to possession and to collect the rents. *Ahern v. White,* 39 Md. 409, 422; *Commercial Bldg. Ass. v. Robinson,* 90 Md. 615, 618, 619; *Lowe v. Convention, etc.,* 83 Md. 409, 413; *Richardson v. Balto., etc., R. Co.,* 89 Md. 126, 129; *Wooton v. White,* 90 Md. 64, 68; *Walker v. Cockey,* 38 Md. 75, 78, 79; *Brown v. Stewart,* 1 Md. Ch. 88, 94; *Clark et al. v. Abbott et al.,* 1 Md. Ch. 474, 478; *Booth v. Balto. Steam Packet Co.,* 63 Md. 39; *Barron v. Whiteside,* 89 Md. 448, 460, 465.

The appellant had no cause for complaint if the appellee had been in possession, and she certainly cannot complain if a trustee, and officer of the court, was in possession by virtue of his duties and in their discharge secured a tenant in the place of the one who went away, and collected the rents and accounted for them, and is accountable for the

manner in which he discharged his trust. *Young v. Omo-hundro,* 69 Md. 424, 430; *Booth et al. v. Balto. Steam Packet Co.,* 63 Md. 39, 43, 44. In no sense can it be said that these facts would justify a recovery in an action for a trespass *quare clausum fregit. Poe, Pl. & Pr.* (Tiffany Ed.), vol. 1, sec. 246. The Court did not gather that the appellant greatly relied upon this form of trespass, but that his principal basis for the appeal was that what was complained of constituted a malicious prosecution for which a civil action would lie. The pleadings are quite involved, and disregarding the question of the legal sufficiency of the four counts of the declaration, and of the various subsequent pleadings until the issue was reached, we shall consider if the evidence, without reference to the pleadings, was legally sufficient to entitle the appellant to a recovery, because this is the one substantial question on the facts of this record.

It is generally recognized that at common law an action would lie for the prosecution of a civil action maliciously and without probable cause, even if no special damage were inflicted on the defendant therein other than the expense of making his defense. However, the statute of Marlborough, 52 Hen. III, gave to the defendant who had prevailed in a civil action maliciously prosecuted not only his costs, but also his damages, and thereby granted to the successful defendant a remedy in the very action in which he was maliciously prosecuted, instead of leaving him to seek redress in another independent action. The effect of this statute was to supersede the subsequent action for the malicious prosecution of a civil suit, unless there was a wrongful arrest of the person, or seizure of property, or other special injury which would not necessarily result in all suits prosecuted to recover for like causes. 19 *Am. & Eng. Ency. of Law* (2nd Ed.), pp. 651, 652, *et infra.*

Actions for the malicious prosecution of civil suits are not encouraged, because public policy requires that parties may freely enter the courts to seek redress and relief and to enforce their rights, and that this may be done without

the peril of a suit for damages in the event of an unfavorable judgment by jury or judge. If this were not the case, a large proportion of unsuccessful civil actions would be followed by suits for malicious prosecution, and so there would be a piling of litigation on litigation without end. Experience has, moreover, demonstrated that the payment of costs, incident to the failure to maintain the suit, is commonly a sufficient penalty, and the fear of the burden of making the payment ordinarily is a sufficient deterrent to unfounded actions. *Gore v. Condon,* 87 Md. 368, 375; *Wilmer v. Placide,* 137 Md. 107, 116; *Bartlett v. Christhilf,* 69 Md. 219, 228; *Clements v. Odorless Excavating, etc., Co.,* 67 Md. 461; *Rieger & Co. v. Knight,* 128 Md. 189, 193, 196; *McNamee v. Minke,* 49 Md. 122, 134; *Smith v. Michigan Buggy Co.,* 175 Ill. 619, 629, 630.

While it is recognized that the appellate courts of the jurisdictions in the United States are in conflict, yet it is unnecessary for us to determine the weight of authority, because this tribunal early and steadfastly has held that no action will lie for the institution and prosecution of a civil action with malice and without probable cause, when there has been no arrest of the person nor seizure of the property of the defendant, and no special injury sustained which would not ordinarily result in all suits prosecuted for like causes of action, but that the action will lie wherever the defendant in the malicious suit has been deprived of his personal liberty, or of the possession, use or enjoyment of property. *Supra; McNamee v. Minke,* 49 Md. 122; *Supreme Lodge, etc., v. Unverzagt,* 76 Md. 104, 105, 108; *Bartlett v. Christhilf,* 69 Md. 219, 228; *Reiger & Co. v. Knight,* 128 Md. 189, 193, 197; *Wegefarth v. Wiessner,* 134 Md. 555, 568.

For the maintenance of an action for malicious prosecution there must co-exist and be shown: (1) the institution of the civil proceedings, (2) without probable cause, (3) with malice; (4) that the proceedings have terminated and in the plaintiff's favor, and (5) that damages were inflicted upon the plaintiff by arrest or imprisonment, by seizure of property or other special injury, which would not necessarily

result in all suits prosecuted to recover for a like cause of action. *McNamee v. Minke*, 49 Md. 122, 133, 135; *Supreme Lodge, etc., v. Unverzagt*, 76 Md. 104, 108. Hence the civil action for malicious prosecution will fail unless there were both want of probable cause and malice in the institution of the proceedings complained of; and of these two indispensable elements the want of probable cause is the more important, because if it be established by the proof, malice may be inferred. Probable cause in a civil action may be defined to be a reasonable ground for belief in the existence of such a state of facts as would warrant institution of the suit or proceedings complained of. As in an action of malicious prosecution for a criminal offence, the conviction of the traverser is commonly conclusive proof of probable cause, so, where the suit is based upon a civil proceeding, a judgment or decree by a court of competent jurisdiction adverse to the defendant in the proceeding is, in general, conclusive proof of probable cause, although the judgment in either class of actions was reversed in an appellate court. *Burt v. Smith*, 181 N. Y. 1; *Stacey v. Emory*, 97 U. S. 642, 645; *Ferguson v. Arnow*, 142 N. Y. 580; *Whitney v. Peckham*, 15 Mass. 243; *Parker v. Huntington*, 7 Gray (Mass.), 36; *Norris v. Wheeler, etc., Mfg. Co.*, 165 Mass. 349; *Crescent City Live Stock Co. v. Butchers' Union, etc., Co.*, 120 U. S. 141; *Clements v. Odorless Excavating Apparatus Co.*, 67 Md. 461; *Rieger & Co. v. Knight*, 128 Md. 189, 199; *Dolan v. Thompson*, 129 Mass. 205.

The first question to be determined is whether the appellant established that there was an absence of probable cause in the institution of the mortgage foreclosure proceedings by the appellee. Both parties to this controversy were bound by the terms of the mortgage deed, and must be held to know its meaning as thereby expressed. The appellant and one witness testify that the appellee told her the interest would not be due until six months, and in his denial the appellee is supported by the attorney for the appellant at the time. These four are the only persons who were present when the conversation took place at the time the mortgage transaction

was completed. But the terms of the mortgage deed must decide when the quarterly payments of interest fell due, and those terms were as obvious to the appellant and her attorney as to the appellee; and the contractual rights of the parties were not affected by this conversation, whichever version may be accepted. But in this connection it may be observed that the present attorney for the appellant offered in evidence his check, dated December 10th, 1923, and payable to appellee, for $48.36, which he tendered him "as payment for the interest due on November 1st last, the sum of $48.36, the 36 cents being interest on the interest for one and one-half months." This was on December 10th, 1923, and the next day exceptions were filed to the ratification of the sale on the ground, among seven others, that "there had been no default in the mortgage herein proceeded on."

If the appellant was in default, the appellee had the right to foreclose expressly and plainly given him by the terms of his mortgage. In the assertion of this contractual right, his motive was immaterial, although it were sinister and malicious, because a sinister and malicious motive does not make an act wrongful so long as the act is within the party's legal rights. *Knickerbocker Co. v. Gardiner Co.,* 107 Md. 556, 567; *Flickinger v. Wagner,* 46 Md. 580, 603.

The question, consequently, is not primarily what was the motive of the appellee in instituting foreclosure proceedings, but did he have probable cause to begin his foreclosure suit by reason of the default of the appellant in paying a quarterly installment of the interest on November 1st, 1923? This question involved a construction of the terms of the mortgage deed; and this was the question directly put and submitted to the chancellor in the foreclosure suit, when all the parties were before him, and offered proof and were heard, and the decree duly and regularly passed. After testimony was introduced by appellant in those proceedings to establish her contention that she would not have to pay any interest until the quarter of February 1st, 1924, the chancellor determined that the true construction of the mortgage deed required appellant to pay the interest quarterly in ad-

vance, and that she was in default for the November quarter when the foreclosure proceedings were begun. The effect of the chancellor's decree, despite its reversal on appeal by this Court, was a conclusive adjudication that the appellee had probable cause in beginning his foreclosure action, and was entitled in equity to relief by way of foreclosure. As was well said in *Clements v. Odorless etc. Co.,* 67 Md. at pp. 463, 464: "It was the deliberate judgment of a court of competent jurisdiction that there was not only a probable cause for filing the bill for injunction, but that the appellee was entitled to the relief prayed. A judgment thus rendered ought to be considered conclusive as to the question of probable cause, although it was reversed on appeal by the Supreme Court, otherwise in every case of reversal an action would lie for the institution of the original suit." *Rieger & Co. v. Knight,* 128 Md. 189, 199; *Crescent City, etc., Co. v. Butchers' Union, etc., Co.,* 120 U. S. 140.

As this point is decisive, others need not be considered. There was no error in the withdrawal of the case from the jury, nor do any of the rulings on the evidence present a reversible error.

The appellee filed in this Court, on December 8th, 1925, the day of the argument, a suggestion of the death of the appellant, and prayed that the appeal be abated. His suggestion was unverified and did not give the date of the appellant's death, which we understood from the brief of the appellant's counsel was on November 23rd, 1925, which was after the beginning of the term at which this case stood for argument. Nor does the appellant indicate in his suggestion who is the executor or administrator, if any; and, as there has been no action in behalf of the personal representatives of the appellant, the Court is not in a position to act, where the situation is so incompletely and informally presented, and will dispose of the appeal as if the death of the party had not been brought to its attention. Code, art. 5, sec. 81, 84; *Poe, Pl. & Pr.,* vol. 1, sec. 450; vol. 2, secs. 836, 837A.

*Judgment affirmed, with costs.*