108 A.2d 575 (1954)
Robert L. ALEXANDER, Maxwell L. Grossman, George Freedman, Helen M. Bertram and Joseph Raskin, Plaintiffs,
v.
Dennis H. PETTY, Gene M. Briggs, Jack M. Highley, John W. Scott, Charles Sturm and Capitol Hill Oil Corporation, a Delaware corporation, Defendants.
Maxwell L. GROSSMAN, Helen M. Bertram, Joseph Raskin, Leo Lippman and Robert L. Alexander, Plaintiffs,
v.
Dennis H. PETTY, Gene M. Briggs, Jack M. Highley, John W. Scott, Charles Sturm and Sooner State Oil Co., Inc., a Delaware corporation, Defendants.
Joseph RASKIN, Robert L. Alexander, Leo Lippman and George Freedman, Plaintiffs,
v.
Jay D. PETTY, Dennis H. Petty, Gene M. Briggs, Jack M. Highley, John W. Scott and Central Oklahoma Oil Corporation, a Delaware corporation, Defendants.
Court of Chancery of Delaware, New Castle.
November 5, 1954.
*576 George T. Coulson of Morris, Steel, Nichols & Arsht, Wilmington, for plaintiffs.
William E. Taylor, Jr., Wilmington, for defendants.
SEITZ, Chancellor.
This is the decision on the motion of plaintiffs to dismiss defendants' counterclaim. While there are three cases and several plaintiffs and defendants, it is agreed that the problem presented is common to all and it will be so treated by the court.
The original complaints charge in substance that the individual defendants as officers and directors of defendant corporations conspired to and did in fact dominate and control defendant corporations for their personal benefit and also wrongfully diverted to themselves certain corporate opportunities. The answers of defendants deny plaintiffs' allegations and by way of counterclaim allege that plaintiffs have unlawfully conspired to institute these actions for the purpose of preventing defendant corporations from securing any underwriter other than one Ivan Israel to market issues of the common stock of defendant corporations. This allegedly would give Israel the opportunity to obtain commissions and favorable subscription agreements for stocks or warrants to be issued by defendant corporation to their underwriters as part of a public offering. Defendants' counterclaim alleges further that the result of the conspiracy is to prevent defendant corporations from obtaining working capital with resultant suspension of operations and damage to the corporate defendants in their business and reputation and damage to individuals in their business and personal reputations and to force defendants to incur expenses in defending these actions.
Plaintiffs have moved to dismiss the counterclaims on two grounds:
(1) failure to state a cause of action upon which relief may be granted
(2) this court is without jurisdiction over the subject matter of the counterclaims.
Plaintiffs say that by their counterclaims defendants have, in effect, attempted to state a cause of action for "malicious prosecution". This term is applied to both criminal and civil proceedings. Plaintiffs go on to contend that such a suit may not be instituted until termination of the antecedent action upon which it is based. They rely on the opinion of the Supreme Court of Delaware in Craig v. Ginn, 3 Pennewill 117, 48 A. 192, 194, 53 L.R.A. 715. The high court there had before it an independent action by a plaintiff seeking damages for malicious prosecution in a criminal action. The court said in part:
"It is essential to the maintenance of such an action [for malicious prosecution] *577 that the plaintiff shall prove, among other things, that the prosecution was not only terminated, but terminated in his favor."
See also Rhodes v. Silvers, I Har. 127; Wells v. Parsons, 3 Har. 505.
The quoted principle applies here, of necessity, even though the alleged malicious prosecution here is civil in nature. See Mayflower Industry v. Thor Corp., 15 N.J.Super. 139, 83 A.2d 246. It would seem to follow logically from this premise that a counterclaim sounding in malicious prosecution may not be interposed in the very action which is the basis of the claim. See 54 C.J.S., Malicious Prosecution, § 54. Moreover, Chancery Court Rule 13, Del.C. Ann., governing counterclaims speaks of "claims" and of necessity defendants do not yet have a legal claim. Compare Stabler v. Ramsay, 32 Del.Ch. 547, 88 A.2d 546. They have a hope, but the orderly administration of justice is better served, as our Supreme Court has recognized, by awaiting the outcome of the legal action relied upon to justify the claim. For the reasons stated, and because of the binding legal precedent of our Craig case, I cannot agree with the reasoning and result of the New York Court in Herendeen v. Ley Realty Co., Sup., 75 N.Y.S.2d 836.
Defendants say the principle of the old cases is based on the fact that the plaintiff in the malicious prosecution suit might recover for the antecedent action against him and then later it might be decided that the antecedent action was well brought. Defendants say that such a possibility does not exist here because the action is contained in a counterclaim and the rules protect plaintiffs by permitting the trial of plaintiffs' actions before defendants' counterclaims are tried. Defendants go on to say that to deny them this right may result in forcing great expenses and injustice on defendants. They point out that all plaintiffs are non-residents and defendants could bring a separate action against them in this state only by sequestration or seizure of their property.
These arguments have some appeal but upon analysis it can be seen that they seek, without sufficient reason, to have this court substitute emotion for adherence to the rules governing orderly legal procedures.
Defendants say that Chancery Court Rule 13 governing compulsory counterclaims requires this action to be filed as a counterclaim now or not at all. I believe the rule governing counterclaims deals with matured claims. This is indicated by the special manner in which Rule 13(e) handles claims maturing after suit is commenced. The subject matter of defendants' counterclaim does not constitute a matured claim.
Defendants say the spirit of the rules calls for the disposition of all claims at one time and so the counterclaim should be allowed and, if necessary, trial deferred until after the decision in the main actions. This worthy purpose of the rules has the court's hearty endorsement. But, at the same time, this court must adhere to precedent and must administer the rules with due regard for orderly procedure. To all this may be added the fact that malicious prosecution actions are not favored by the law because of their undesirable tendency to unduly discourage citizens from seeking redress in the courts. See Mayflower Industry v. Thor Corp., 15 N.J.Super. 139, 83 A.2d 246; Owens v. Graetzel, 149 Md. 689, 132 A. 265.
I therefore conclude that defendants' counterclaims fail to state a claim under the rules because they do not set forth a basic element of such a claim, viz., that the prior action has terminated in favor of the counterclaimant. It follows that plaintiffs' motion to dismiss must be granted and the sequestration obtained by defendants must be vacated. It is unecessary to consider plaintiffs' jurisdictional objection.
Order on notice.