J. RUBLE GRIFFIN,
Commissioner for the Court:[1]
This is an appeal from the Circuit Court of Smith County, wherein a judgment was rendered for the plaintiff, Ethel Baldwin. On the trial, the following facts were developed: Roy L. Jones, one of the appellants here, and other employees of the appellant Masonite Corporation, while acting within the scope of their employment, went upon lands of the appellant corporation on August 24, 1976 and there discovered the ap-pellee Baldwin performing a logging operation.
The agents of the corporation informed appellee as to the ownership of the land. The ownership is not in dispute and never was. Further, it was not disputed that the logs came from appellee’s own land and had been brought by him to a 40-foot cleared area on a pipeline right of way on Masonite property for loading at a point on a “road.” A conversation ensued between the agents of Masonite and the appellee wherein he was requested to leave the property of Masonite until a “right of way” was obtained.
This the appellee refused to do, stating in effect that he had a right to use the “road” due to long use by him in the past. The appellee asserted a prescriptive easement to the “road.”
Two days later the appellant Jones again found the appellee on Masonite property, performing his logging operation as before, whereupon he filed before a justice court judge an affidavit for trespass under Section 97-17-97, Mississippi Code Annotated (1972). The appellee was acquitted before a justice court jury and thereafter this action for malicious prosecution was instituted. It should be pointed out that the evidence shows, by appellee’s witnesses, the long use of the “road” by the appellee and others. Physical evidence (pictures) as well as statements of the witnesses show that the “road” is primarily a logging trail that crosses the lands of Masonite and at least borders on the 100-acre tract of the appellee which was surrounded by Masonite’s lands.
Even though the evidence may show that the appellee had a prescriptive easement to use the trail or “road”, this Court is of the opinion that this is not determinative of the issue and that the question now before us is whether or not there is a lack of probable cause for the filing of the affidavit by Jones. Said Section 97-17-97, supra, reads as follows:
*643 (1) If any person or persons shall without authority of law go into or upon or remain in or upon any building, premises or land of another whether an individual, a corporation, partnership, or association, or any part, portion or area thereof, after having been forbidden to do so, either orally or in writing including any sign hereinafter mentioned, by any owner, or lessee, or custodian, or other authorized person, or after having been forbidden to do so by such sign or signs posted on, or in such building, premises or land, or part, or portion, or area thereof, at a place or places where such sign or signs may be reasonably seen, such person or persons shall be guilty of a misdemeanor, and upon conviction thereof shall be punished by a fine of not more than five hundred dollars ($500.00) or by confinement in the county jail not exceeding six (6) months, or by both such fine and imprisonment.
(2) The provisions of this section are supplementary to the provisions of any other statute of this state.
The uncontradicted evidence shows that the appellee entered upon Masonite lands not only on the trail or “road” on which he claims a prescriptive easement but also along the pipeline right of way on Masonite lands after he had been orally forbidden to do so. Following, then, the language of the above quoted section, the Court is of the opinion that Jones had probable cause to file the affidavit even though he may have been mistaken in doing so. The recent case of J. C. Penney Co. v. Blush, 358 So.2d 590 (Miss.1978) is persuasive on the question here. The following language is found therein:
The issue was not whether the prosecution ultimately resulted in a verdict of acquittal in the criminal case but whether there had been probable cause for the action taken by appellants. Probable cause merely means “reasonable cause.” Black’s Law Dictionary (1968). It has been defined as a reasonable ground for belief in the existence of facts warranting the proceedings complained of. Owens v. Graetzel, 149 Md. 689, 132 A. 265, 267. In other words, the issue was whether the facts and circumstances upon which appellants acted were such as to constitute probable cause or reasonable ground for their belief that appellee was engaged in shoplifting or whether their actions were unreasonable under the circumstances and prompted by malice against Mrs. Blush.
While evidence of Mrs. Blush’s acquittal is relevant upon the issue of probable cause, it is neither exclusive nor conclusive upon that issue. The quantum of evidence required to convict in a criminal case is different and is greater than in civil proceedings. In the criminal case, proof beyond a reasonable doubt is necessary and a verdict of acquittal means no more than that the evidence did not remove from the jurors’ minds every reasonable doubt of guilt. The jury in the ease now before us must reach its decision upon the basis of a preponderance of the evidence and not upon the single fact of the ultimate acquittal of appellee by a jury on the criminal charge. Allen v. Ritter, 235 So.2d 253 (Miss.1970). (356 So.2d at 593).
It is the opinion of the Court that even though the appellee may have been properly acquitted in the justice court, still, under the language of Section 97-17-97, supra, and the prior holdings of this Court, above pointed out, there was probable cause for the filing of the affidavit. The burden was on the appellee to properly prove his prescriptive easement and not upon the appellants to disprove it, therefore the directed verdict should have been given.
For these reasons, the judgment of the circuit court is reversed, and judgment rendered here for the appellants.
REVERSED AND RENDERED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE and COFER, JJ., concur.
BOWLING, J., took no part.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.