# COURT OF CHANCERY
# OF THE
# STATE OF DELAWARE

BONNIE W. DAVID
MAGISTRATE IN CHANCERY

COURT OF CHANCERY COURTHOUSE
34 THE CIRCLE
GEORGETOWN, DE 19947

Final Report: April 2, 2024
Date Submitted: April 1, 2024

Wittaya Theerachanon
2203 Ferndale Avenue, Unit A
Petersburg, Virginia 23803

Kevin M. Kidwell, Esquire
Richards, Layton & Finger, PA
920 N. King Street
Wilmington, Delaware 19801

Jennifer Dering, Esquire
Tenaglia & Hunt, P.A.
1521 Concord Pike, Suite 301
Wilmington, Delaware 19803

RE:     *Wittaya Theerachanon v. FIA Cards Services, et al.*,
        C.A. No. 2023-0536-BWD

Dear Litigants and Counsel:

This letter report addresses defendants Bank of America, N.A. ("BOA")[1] and

Tenaglia & Hunt, P.A.'s ("T&H," and with BOA, "Defendants") motion to dismiss

plaintiff Wittaya Theerachanon's ("Plaintiff") amended pleading in the above-

referenced action (the "Amended Complaint").

As you know, on May 18, 2023, Plaintiff, acting *pro se*, initiated this action

through the filing of a pleading entitled "Complaint Breach Of Contract led to

---

[1] BOA has appeared on behalf of "FIA Card Services."

leading Malicious Prosecution" (the "Initial Complaint"). Compl. Breach Of Contract led to leading Malicious Prosecution [hereinafter, "Compl."], Dkt. 1. In August and September 2023, Defendants moved for a more definite statement pursuant to Court of Chancery Rule 12(e). Dkts. 21, 23. On December 14, 2023, I issued a letter report granting the motions for a more definite statement, explaining that the Initial Complaint was "not sufficiently intelligible to give fair notice of the nature of Plaintiff's claims" and directing Plaintiff to file an amended pleading within ten days of the December 14 letter report. Dkt. 34 at 3.

On January 4, 2024, Plaintiff filed the Amended Complaint. Am. Compl., Dkt. 36. As best I can discern, the Amended Complaint alleges the following. Plaintiff is a former holder of a BOA credit card account (the "Account"). *Id.* at 27. Plaintiff defaulted on the Account by failing to repay amounts owed to BOA. *Id.* at 17. BOA "issued [a] Settlement Contract[,]" but then "caus[ed] Plaintiff to violate[] the contract." *Id.* at 6. BOA received a tax deduction for the amounts Plaintiff owed, but filed a lawsuit against Plaintiff in the General District Court in Fairfax County, Virginia (the "Virginia Action") to "collect[] full double benefits." *Id.* at 6, 15-16. In the Virginia Action, Plaintiff submitted a "Ground of Defense," but failed to appear at trial, and BOA obtained a judgment against Plaintiff. *Id.* at 16, 30, 35-37. T&H represented BOA in the Virginia Action. *Id.* at 3-4.

The same day Plaintiff filed the Amended Complaint, Plaintiff also moved for summary judgment. Dkt. 35. On January 19 and 23, 2024, Defendants moved to dismiss the Amended Complaint (the "Motion to Dismiss"). Dkts. 38-39. On February 16, 2024, BOA filed an opening brief in support of the Motion to Dismiss. Dkt. 40. On February 23, 2024, Plaintiff filed a second motion for summary judgment; a motion to disqualify T&H and BOA's counsel at Richards, Layton, & Finger, PA; a brief entitled "Answer to the Inadmissible Opening Brief Opposing Counsels and The support information to the Motion to Disqualify the Opposing Counsels," which appears to address Plaintiff's motions for summary judgment and motion to disqualify; and supporting exhibits. Dkts. 42-45.

On March 4, 2024, I directed the parties to file all briefing concerning the pending motions no later than April 1, 2024, at which point the motions would be considered fully submitted. Dkt. 47. On March 21, 2024, Plaintiff filed a document labeled "Exhibit Z." Dkt. 48. On March 28, 2024, T&H filed a joinder to the Motion to Dismiss. Dkt. 49. On April 1, 2024, BOA filed oppositions to Plaintiff's motion to disqualify and motions for summary judgment. Dkts. 50-51.

Defendants have moved to dismiss the Amended Complaint under Court of Chancery Rule 12(b)(6). When reviewing a motion to dismiss under Rule 12(b)(6), Delaware courts "(1) accept all well pleaded factual allegations as true, (2) accept

even vague allegations as 'well-pleaded' if they give the opposing party notice of the claim; [and] (3) draw all reasonable inferences in favor of the non-moving party . . . ." *Cent. Mortg. Co. v. Morgan Stanley Mortg. Cap. Hldgs. LLC*, 27 A.3d 531, 535 (Del. 2011). "[T]he governing pleading standard in Delaware to survive a motion to dismiss is reasonable 'conceivability.'" *Id*. at 537.

The Amended Complaint clarifies that Plaintiff intends to assert one cause of action—a claim for malicious prosecution.[2] *See* Am. Compl. at 5.[3] Under Delaware law,

> [i]n order to make out a claim for malicious prosecution, a plaintiff must show that (1) defendant instituted civil or criminal proceedings against plaintiff, (2) no probable cause existed to support the charge or claim, (3) the proceedings were instituted and pursued with malice, (4) the

---

[2] I have closely reviewed the Amended Complaint, Plaintiff's motions, and all supporting exhibits with the leniency this Court affords self-represented litigants, yet I can discern no other cause of action that is or could be asserted in the Amended Complaint.

[3] *See also* Am. Compl. at 29-31 (alleging ten acts that purportedly constitute "Malicious Intent Action": (1) "FIA Card Services issued a Settlement Contract in Plaintiff's matter . . . [and] did . . . not [have] Plaintiff . . . sign"; (2) FIA Card Services "hid[] . . . documents from Plaintiff and st[ole] $5,600 from Plaintiff's Account twice"; (3) "FIA Card Services knew the Contract lacked . . . Plaintiff's Signature from the beginning plus one felony of stealing . . . but sent [T&H] to file [a] lawsuit against . . . Plaintiff"; (4) T&H "filed a frivolous lawsuit" in the Virginia Action; (5) "instead of withdrawing, [Defendants] pursued the case until it prevailed, causing the Judgment of Malicious Prosecution against . . . Plaintiff"; (6) "both counsels[] tr[ied] to drag the lawsuit with no sense"; (7) in this action, Defendants "submit[ted] two times the Motion for More Definitive Statement and the opinion [that] the claim [wa]s not colorable'"; (8) Defendants tr[ied] to cancel The Telephonic Oral Argument on 09/08/2023"; (9) Defendants opposed "The Motion To Expedite"; and (10) Defendants "add[ed] another Counsel from two to three for intimidating purposes").

proceedings were terminated in plaintiff's favor, and (5) plaintiff suffered damages as a result.

*Batchelor v. Alexis Props., LLC*, 2018 WL 5919683, at \*3 (Del. Super. Nov. 13, 2018).

The Amended Complaint fails to state a claim for malicious prosecution. Even if the Amended Complaint adequately alleged the first three elements of a malicious prosecution claim against either Defendant, it plainly does not allege the fourth element—that the Virginia Action was terminated in Plaintiff's favor. To the contrary, the Amended Complaint alleges that the Virginia Action resulted in a judgment against Plaintiff. *See, e.g.*, Am. Compl. at 30 (alleging Defendants "pursued the case until [they] prevailed, causing the Judgment of Malicious Prosecution against the Plaintiff to be counted"); *id*. at 34 (alleging Defendants "file[d] a lacked legal ground lawsuit [that] resulted in the Malicious Judgment ruled out against Plaintiff on 11/23/2021"); *id*. at 35 ("The Judgement . . . commanded

Plaintiff to pay the debt of $23,211.80 to B[OA].").[4]  For that reason, the Amended

Complaint must be dismissed.[5]

Because the Amended Complaint is dismissed, all other pending motions are

moot.[6]

Defendants seek fees under the bad-faith exception to the American Rule.  *See*

Dkt. 51.  Though the Amended Complaint fails to state a claim, "I am not satisfied

that this is the 'rare' case where a litigant's conduct should be deemed so 'egregious'

that it merits fee-shifting, particularly given [Plaintiff]'s *pro se* status."  *In re Smith*,

2021 WL 5764878, at *2 (Del. Ch. Dec. 3, 2021); *see also Cardone v. State Dep't*

---

[4] Plaintiff points to the judgment in the Virginia Action as supporting a claim for malicious prosecution but does not allege that it terminated in Plaintiff's favor.  *See* Am. Compl. at 29 ("The Abstract of Judgment is the official decision summary of the Judgement that is considered fact[.]").  *Cf. Alexander v. Petty*, 108 A.2d 575, 576-577 (Del. Ch. 1954) ("It is essential to the maintenance of such an action [for malicious prosecution] that the plaintiff shall prove, among other things, that the prosecution was not only terminated, but terminated in his favor." (alteration in original) (citation and internal quotation marks omitted)).

[5] The Amended Complaint seeks punitive damages.  *See* Am. Compl. at 4, 42-43.  "Absent a statutory grant of authorization, the Delaware Court of Chancery does not have jurisdiction to assess punitive damages."  *Metro Storage Int'l LLC v. Harron*, 275 A.3d 810, 886 (Del. Ch. 2022).

[6] *See, e.g.*, *Teuza - A Fairchild Tech. Venture Ltd. v. Lindon*, 2023 WL 3118180, at *8 n.103 (Del. Ch. Apr. 27, 2023) (declining to address the plaintiff's remaining arguments "because, to the extent they [we]re appropriate at the pleading stage, they [we]re mooted by [the] [p]laintiff's failure to plead the elements of promissory estoppel"); *Fernstrom v. Trunzo*, 2017 WL 6028871, at *5 (Del. Ch. Dec. 5, 2017) (recommending "the Court decline to address the pending motions" because "the complaint w[as] . . . dismissed"), *aff'd sub nom. Fernstrom v. Ellis Point Condo. Ass'n, Inc.*, 198 A.3d 178 (Del. 2018).

*of Corr.*, 2008 WL 2447440, at *11 n.116 (Del. Ch. June 4, 2008) ("declin[ing] to award the Respondents attorneys' fees[,]" explaining that "[u]nder the 'American Rule,' a party bears its own legal fees in the absence of certain conduct justifying fee shifting[,]" and "[i]n light of [Plaintiff]'s status as a *pro se* litigant, the Respondents ha[d] not identified the conduct necessary for fee shifting"); *Rowe v. Everett*, 2001 WL 1019366, at *8 (Del. Ch. Aug. 22, 2001) (denying fees though the *pro se* defendant "pursued an unorthodox litigation strategy which ha[d] caused much delay"). Accordingly, Defendants' request to shift fees is denied.

This is a final report pursuant to Court of Chancery Rule 144. The stay of exceptions is hereby lifted, and exceptions to this report and all prior reports may be filed within eleven days of the date hereof.[7]

Sincerely,

*/s/ Bonnie W. David*

Bonnie W. David
Magistrate in Chancery

---

[7] *See* Ct. Ch. R. 144(d)(1) ("In actions that are not summary in nature or in which the Court has not ordered expedited proceedings, any party taking exception shall file a notice of exceptions within eleven days of the date of the report.").