95 A.2d 460 (1953)
KLEIN
v.
SUNBEAM CORP.
Supreme Court of Delaware.
March 13, 1953.
John Van Brunt, Jr., and David Snellenburg, II (of Killoran & Van Brunt), of Wilmington, for appellant.
David F. Anderson and James L. Latchum (of Berl, Potter & Anderson), of Wilmington, for appellee.
WOLCOTT and TUNNELL, Justices, and BRAMHALL, Vice Chancellor, sitting.
WOLCOTT, Justice.
On December 31, 1952, an opinion, 94 A.2d 385, was filed in this cause directing *461 that the judgment below be reversed. Thereafter, the appellee was granted limited reargument on the question of the proper application of 1935 Code, § 4589[1] which in part is as follows:
"Suits may be brought against any corporation, at law by summons, and by subpoena in Chancery. Process may be served on the President, or head officer, if residing in the State, and if not, on any officer, director, or manager of the corporation; and when a cause of action arises in this State against any Corporation incorporated outside of this State, and there is no President or head officer of such corporation or any officer, director or manager thereof resident in this State, nor any certified agent thereof, for the service of process, resident in this State, process against such corporation may be served upon any Agent of such corporation then being in the State; * * *."
Brief reference to the underlying facts pertaining to the question will be made. The appellee, an Illinois corporation, is engaged in the business of manufacturing and selling through wholesalers various electrical appliances. Its scheme of business consists of selling to wholesalers with whom it has entered into fair trade contracts and then enforcing compliance by retailers with the price provisions of its fair trade contracts. Such was its scheme of operation within the State of Delaware. In the course of its operations in Delaware, the appellee advertised its products, policed its retailers by "shopping spies", instituted on one occasion a fair trade compliance suit against the appellant and, for a period of time subsequent to the arising of the cause of action for libel asserted by the appellant, warehoused its products in Delaware and filled orders to retailers from the stock on hand.[2]
The precise question before us is the validity under 1935 Code, § 4589 of the service of process upon the appellee which was made upon a vice-president of the appellee then in Wilmington attending a meeting of sales representatives.
The appellee argues that the validity of the service must be determined under the portion of the statute referring to service of process in suits enforcing a cause of action which arose in Delaware. It argues that it was not "doing business" in Delaware at the time the cause of action arose and that, therefore, the service of process is invalid since the jurisdictional requirements over it were not in existence at the time the cause of action arose.
The argument is based upon the historical development of 1935 Code, § 4589. The forerunner of this statute was enacted in 1819 as "An Act for Expediting Suits Against Corporations". 5 Del.Laws, Ch. CCXXXI. This act provided for the issuance and service of process "against any corporation or body politic" without designating the corporate officials to be served with process.
Thereafter, in 1829, by "An Act for Expediting Suits Against Corporations", 7 Del.Laws, Ch. CLXIV, the 1819 statute was repealed and it was enacted that suits could be brought "against any corporation by their corporate name" and service of process be made upon certain designated officers of the corporation.
By 1852 Code, Ch. 70, § 6, the statute was amended to read in its present form, with the exclusion of the provision referring to a cause of action arising in this state.
By 29 Del.Laws, Ch. 257, the General Assembly in 1917 added the language of the statute providing for service of process in suits against foreign corporations when the cause of action arose in this state.
Meanwhile, in 1899, the General Assembly enacted the first General Corporation Law, 21 Del.Laws, Ch. 273, by § 43 of which a method of service of legal process upon "any corporation created under this Act" was provided. The Supreme Court of the state in 1902, in Bay State Gas Co. v. State, *462 4 Pennewill 238, 56 A. 1114, held that § 43 of the General Corporation Law was exclusively applicable to all domestic corporations, whether created under the General Corporation Law, or by private act prior to the enactment of that law.
Upon the foregoing described historical growth of the pertinent statutes appellee argues that it was not until the amendment of 1917 that a foreign corporation which had not designated an agent for the service of process in compliance with the registration law first passed in 1897, 20 Del. Laws, Ch. 513, could have been sued in Delaware. Appellee seeks to limit the application of 1935 Code, § 4589, prior to the amendment of 1917 to suits against domestic corporations. Its argument rests primarily upon the assumption that the General Assemblies of 1819, 1829 and 1852 were not concerned with providing a means to sue foreign corporations because business at those time was not conducted generally by corporate entities. It is argued, therefore, that there was no reason to provide for suits in Delaware courts against foreign corporations, and that, consequently, the General Assembly could not have intended the statute under consideration to apply to foreign corporations.
However, there is no apparent reason why the assumption should be made since corporate entities were in fact regulated by the General Assemblies which passed the forerunners of the present law. Furthermore, the enactment of 11 Del.Laws, Ch. CCCCXXIV, extending the remedy of foreign attachment to suits against foreign corporations indicates that at least as early as 1857 the General Assembly contemplated the possibility of suits against foreign corporations in Delaware courts. In the absence of a specific exclusion in statutes authorizing suits against corporations generally, we do not think it justified to assume that the Legislature in passing an act authorizing suit against "any corporation" intended thereby to authorize only suits against domestically created corporations.
This conclusion finds support in Judge Woolley's text on Delaware Practice, which, in Volume 1, page 136, states that at the time of writing (1906) there was some doubt as to the right of a foreign corporation to bring suit in Delaware courts if it had failed to comply with the requirements of the Foreign Corporation Registration Law but that there was no question as to the liability of an unregistered foreign corporation to be sued in Delaware under 1852 Code, Ch. 70, § 6 (later 1935 Code, § 4589). The cited text has always been accorded great authoritative weight by the courts of Delaware upon questions of practice and procedure in the Superior Court of this state. We see no reason to deny its authority upon this question of practice in the absence of a showing that it is clearly wrong.
The question raised by Judge Woolley as to the right of an unregistered foreign corporation to bring an action in the Delaware courts was finally settled by the Supreme Court of the State in Model Heating Co. v. Magarity, 2 Boyce 459, 81 A. 394, L.R.A.1915B, 665, when it held that such a corporation could bring suit in Delaware upon a contract entered into in Delaware even though it had neglected to register under the statute. The permission thus granted an unregistered foreign corporation doing business in the State of the forum carries with it the obligation of submitting to suit in the courts of the state within which it is permitted to do business and to the laws of which it may resort for its protection. This has been the growth of the law based upon principles of common justice and right. 18 Fletcher Cyclopedia Corporations, (Perm.Ed.), § 8636. Migration of a foreign corporation to a state other than that of its domicile, evidenced by the doing of business in that state, makes the foreign corporation for jurisdictional purposes as liable to suit as though it were a domestic corporation. 23 Am.Jur., Foreign Corporations, § 487; 20 C.J.S., Corporations, § 1918. Under these circumstances, therefore, we think we would not be justified in limiting the phrase "any corporation" in the act authorizing service of process to read in effect "any domestic corporation" as the appellee would have us do. Ordinarily, the word "corporation" used in a statute will be construed to include foreign corporations as well as domestic unless the plain context *463 or policy of the statute requires otherwise. 20 C.J.S., Corporations, § 1808.
A further reason why we must conclude that the General Assemblies of past years in enacting the statute we are now dealing with intended to embrace within its terms all corporations, both foreign and domestic, is that in 1899 when the General Corporation Law was enacted it provided an exclusive method of service upon domestic corporations, but the prior statute which appellee argues applied only to domestic corporations was not repealed. We must presume that in failing to repeal the prior law the Legislature believed it had some effective force. By reason of the decision in the Bay State Gas Co. case, it could have no effect upon domestic corporations. Its effect could be continued only with respect to foreign corporations which must, therefore, have been subject in 1899 to the provisions of the statute.
Appellee also argues that the enactment of the 1917 amendment providing for service upon a foreign corporation in a suit enforcing a cause of action arising in Delaware is an indication that in the opinion of the Legislature the prior law authorizing service upon corporations had no application to service upon foreign corporations because the 1917 amendment was the first statute specifically authorizing service of process upon foreign corporations. There might be substance in the argument if the 1917 amendment was repugnant to or contradictory of the prior provision of the statute. Such, however, is not the case. The law as it existed prior to 1917 authorized service on the president or head officer of the corporation if resident in the state and, if they were not resident in the state, then upon any officer, director or manager. The 1917 amendment provided that if the suit was upon a cause of action arising in the state and there was no president, officer, director or manager resident in the state, for service of process upon any agent of the corporation then being in the state.
There is nothing inconsistent between the two provisions. In fact, the 1917 amendment complements the prior law and places in a favored position a suit brought upon a cause of action arising in Delaware by providing in such case for a much easier means of service. It is entirely reasonable to assume that the General Assembly in enacting the liberalized method of service in suits upon Delaware causes of action intended to treat such actions as a specially favored class. This being so, we are of the opinion that there is nothing inconsistent between the two provisions and, consequently, that there is no justification to assume that the prior existing law applied only to domestic corporations.
We hold, therefore, that the service in the instant cause, having been made upon a vice-president of the appellee then being in Delaware, and no president or head officer of the corporation being resident in Delaware, was valid under the first provision of 1935 Code, § 4589.
This conclusion makes it unnecessary for us to consider the further argument of the appellee to the effect that a Delaware cause of action sued upon in Delaware courts must have arisen out of the activities constituting the doing of business by the foreign corporation in Delaware which supports the jurisdictional finding. The argument thus made is based upon language of the Chancellor appearing in Mazzotti v. Rainey, 31 Del.Ch. 447, 77 A.2d 67. In view of our construction, of the first provision of the statute under consideration, we do not think it necessary to decide this question. The argument, however, is subject to the objection that the requirements of federal due process are satisfied if at the time of service of process the jurisdictional fact of doing business exists; the cause of action asserted need not necessarily arise from the jurisdictional fact itself. Paterson v. Shattuck-Arizona Copper Co., 169 Minn. 49, 210 N.W. 620; Barrow S. S. Co. v. Kane, 170 U.S. 100, 18 S.Ct. 526, 42 L.Ed. 964; Conley v. Mathieson Alkali Works, 190 U.S. 406, 23 S.Ct. 728, 47 L.Ed. 1113; Restatement, Conflict of Laws, § 97.
Finally, the appellee defendant argues that under the provisions of 1935 Code, § 2247[3], it was not doing business within *464 the State of Delaware and that, accordingly, Delaware courts had no jurisdiction over it. We disposed of this contention in our main opinion and decline to re-examine it.
A mandate will be issued forthwith in accordance with the first opinion in this cause.
NOTES
[1] Re-codified by act of the current General Assembly as 10 Del.C. § 3111.
[2] Further elaboration of the factual situation will be found in the opinion of this Court filed heretofore, and in the opinion of the trial court, Klein v. Sunbeam Corp., Del.Super., 93 A.2d 732.
[3] Re-codified by act of the current General Assembly as 8 Del.C. §§ 341-343.