## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TWO FARMS, INC., | ) | |
| Plaintiff, | ) | C. A. No. K17C-09-010 NEP |
| v. | ) | **In and For Kent County** |
| | ) | |
| DAVIS, BOWEN & FRIEDEL, | ) | |
| INC., and SILICATO-WOOD | ) | |
| PARTNERSHIP, LLC, | ) | |
| Defendants. | ) | |

Submitted: May 18, 2018
Decided: June 4, 2018

## OPINION

Before the Court is the motion of Plaintiff Two Farms, Inc. (hereinafter "Two Farms"), to dismiss counterclaims asserted by Defendant Silicato-Wood Partnership, LLC (hereinafter "Silicato"). Silicato's counterclaims seek damages for allegedly libelous accusations included in Plaintiff's complaint, attorneys' fees pursuant to the bad faith exception to the American Rule, and declaratory judgment. For the reasons stated herein, Two Farms's Motion to Dismiss is **GRANTED**.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

The facts recited here are those as admitted or alleged by Silicato in its answer and counterclaims.[1]

---

[1] On a motion to dismiss, all well-pleaded factual allegations are accepted as true. *Savor, Inc. v. FMR Corp.,* 812 A.2d 894, 896 (Del. 2002).

In 2010, Two Farms and Silicato signed a contract of sale (hereinafter the "Contract") in which Two Farms agreed to purchase a property from Silicato located in Milford, Delaware (hereinafter the "Property") adjacent to Delaware Route 1 (hereinafter "SR 1"). Silicato hired co-defendant Davis, Bowen & Friedel, Inc. (hereinafter "DBF"), to perform work to obtain approval of a five-lot subdivision plan and conditional use approval so that the Property could be used as a convenience store with gas pumps. Silicato submitted a conceptual plan to the City of Milford. Later, Two Farms brought suit against Silicato and DBF alleging that a direct access entrance from SR 1 (hereinafter the "Entrance") was temporary and was being closed by the Delaware Department of Transportation; that DBF failed to indicate that the Entrance was temporary in the final plan, and that Silicato failed to instruct or require DBF to do so; and that the value of the Property was greatly diminished due to the temporary nature of the Entrance. Further, Two Farms alleged that Silicato knew that the Entrance was temporary and concealed that information from Two Farms so as to sell the Property to Two Farms at an unfairly high price.

In its Counterclaims, Silicato alleges that Two Farms's complaint made three false statements about Silicato, specifically that: (1) Silicato "knew that the SR 1 entrance was temporary;" (2) Silicato "made false and/or misleading statements regarding the temporary nature of the SR 1 entrance;" and (3) Silicato "intended to induce [Two Farms] to purchase the Property in reliance on [the] misrepresentations and/or material omissions regarding the temporary nature of the SR 1 entrance." Silicato contends that because these statements falsely accuse Silicato of fraud and were filed in the public domain, they constitute libel *per se* against Silicato. Silicato also contends that because the allegations in Two Farms's complaint are unfounded and frivolous, Silicato is entitled to attorneys' fees under the bad faith exception to the American rule. Finally, Silicato petitions the Court to enter declaratory judgment

in its favor because the Contract was fully integrated, and Two Farms's fraud claim improperly relies on representations and omissions outside the bounds of the Contract.

## II.   DISCUSSION

On a motion to dismiss, the moving party bears the burden of demonstrating that "there are no material issues of fact and that he is entitled to judgment as a matter of law."[2] Upon this Court's review of a motion to dismiss, "(i) all well-pleaded factual allegations are accepted as true; (ii) even vague allegations are well-pleaded if they give the opposing party notice of the claim; (iii) the Court must draw all reasonable inferences in favor of the non-moving party; and (iv) dismissal is inappropriate unless the plaintiff would not be entitled to recover under any reasonably conceivable set of circumstances susceptible of proof."[3]

When matters outside the pleadings have been presented along with a motion to dismiss, the Court generally has full discretion either to reject the extraneous submissions, or to convert the motion to a motion for summary judgment and consider the additional submissions.[4] However, there is an exception to this rule: the Court may consider undisputedly authentic documents that are "integral to a plaintiff's claim and [are] incorporated into the complaint by reference."[5] Here,

---

[2] *Daisy Constr. Co. v. W.B. Venables & Sons, Inc.*, 2000 WL 145818, at *1 (Del. Super. Jan. 14, 2000).

[3] *Savor Inc.*, 812 A.2d at 896–97.

[4] *Doe 30's Mother v. Bradley*, 58 A.3d 429, 444 (Del. Super. 2012).

[5] *Furman v. Delaware Department of Transportation*, 30 A.2d 771 (Del. 2011) (*citing Vanderbilt Income and Growth Associates v. Arvida/JMB Managers*, 691 A.2d 609, 613 (Del. 1996)). "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document on which it relied." *Goodwin v. Elkins & Co.*, 730 F.2d 99, 104 n. 9 (3d Cir.), *cert. denied*, 469 U.S. 831 (1984).

while the Contract was not attached to the initial complaint or the counterclaim as an exhibit, its authenticity is not disputed, and the Court considers the Contract integral to and incorporated by reference into the counterclaim for declaratory judgment, as that claim petitions the Court to determine the rights and relations between the parties to this contract.[6] Therefore, the Court shall consider the Contract for the limited purpose of deciding Two Farms's motion to dismiss the claim for declaratory judgment—but shall not otherwise consider extraneous submissions nor convert the motion to a motion for summary judgment.[7]

## A. Silicato's Libel Counterclaim

An "absolute privilege" protects the statements of parties to litigation from actions for defamation.[8] A party claiming the privilege must demonstrate that the statements were "issued as part of a judicial proceeding and were relevant to a matter at issue in the case."[9]

Here, the allegedly defamatory statements were made as part of a judicial proceeding: the statements were written in the complaint. Further, it is evident that they are relevant to a matter at issue in this case, as these allegedly false statements regarding Silicato's knowledge and fraudulent inducement of Two Farms constitute

---

[6] *See Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (considering a purchase contract referenced but not attached to complaint) (cited with approval by *In re Santa Fe Pacific Corp. Shareholder Litigation*, 669 A.2d 59, 69 (Del. 1995)).

[7] The Court's consideration of the Contract shall not prejudice either party, as both have cited it in their submissions, and as Silicato relies upon the language of the Contract in its declaratory judgment counterclaim. The reason that a court must convert a motion to dismiss to a summary judgment motion if it considers extraneous evidence submitted by the defense is to afford the non-moving party an opportunity to respond. *See Pension Ben. Guar. Corp.*, 998 F.2d at 1196–97 ("When a complaint relies on a document, however, the plaintiff obviously is on notice of the contents of the document, and the need for a chance to refute evidence is greatly diminished.").

[8] *Barker v. Huang*, 610 A.2d 1341, 1344 (Del. 1992).

[9] *Id.* at 1345.

the very allegations on which the claims of misrepresentation and fraud are predicated. Finally, Silicato's argument that the privilege may not be raised in a motion to dismiss is mistaken: Silicato cites a decision holding that a qualified privilege defense should be a matter for trial, not the absolute privilege, as is asserted here.[10] The Court therefore finds that Silicato is not entitled to recover as a matter of law, and dismissal of the libel claim is appropriate.

## B. Silicato's Bad Faith Counterclaim

The so-called American Rule provides that, in most cases, parties to litigation are to bear their own costs and attorney's fees.[11] There is, however, an exception to this rule: Delaware courts may—in extraordinary cases—shift the burden of attorneys' fees to the losing party where that party "acted in bad faith, vexatiously, wantonly, or for oppressive reasons."[12] Examples of bad faith conduct include cases where "parties have unnecessarily prolonged or delayed litigation, falsified records, or knowingly asserted frivolous claims[,] . . . mis[led] the court, alter[ed] testimony, or chang[ed] position on an issue."[13] A party seeking to shift its costs to the opposing

---

[10] *Klein v. Sunbeam Corp.*, 47 Del. 526, 539, 94 A.2d 385, 392 (1952), *opinion adhered to on reargument*, 47 Del. 575, 95 A.2d 460 (1953) ("we think the question of qualified privilege is a matter for defense depending upon the facts and circumstances . . . . it may not be raised by a motion to dismiss under Rule 12(b)(6) but should be made a matter of answer to be supported by proof at the trial.").

[11] *Slawik v. State*, 480 A.2d 636, 639 (Del. 1984). *See also* Superior Court Civil Rule 54(i) ("No appearance fees for attorneys will be permitted or taxed as costs in any action or cause in the Superior Court.").

[12] *Id.* at 639 n. 5 (*quoting F.D. Rich Co., Inc. v. United States, Industrial Lumber Co., Inc.*, 417 U.S. 116, 129 (1974),

[13] *Dover Historical Soc., Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1093 (Del. 2006) (*quoting Beck v. Atlantic Coast PLC*, 868 A.2d 840, 850–51 (Del. Ch. 2005)).

party "bears the stringent evidentiary burden of producing 'clear evidence' of bad-faith conduct."[14]

Silicato's second counterclaim alleges that Two Farms acted in bad faith because it "did not research and performed no diligent analysis before filing an Amended Complaint" and asserted claims "without any reasonable, good faith basis in fact or law." The Court interprets the counterclaim as advancing a theory that Two Farms "knowingly asserted frivolous claims."

The Court finds that this second counterclaim is both premature and procedurally improper. The Bad Faith Exception to the American Rule is typically asserted in a motion for litigation expenses,[15] similar to a 10 *Del. C.* § 5101 motion for costs, rather than a unique cause of action. Upon this Court's diligent review, the Court can find no authority indicating the existence of such a cause of action in Delaware. Further, the claim appears to be, at least in part, a disguised claim of malicious prosecution, a tort viewed with disfavor in Delaware because of its "undesirable tendency to unduly discourage citizens from seeking redress in the courts."[16] If the Court were to consider the second counterclaim to be a malicious prosecution claim, dismissal would also be warranted, as this proceeding has not yet terminated in Silicato's favor.[17] For these reasons, dismissal of this claim is warranted.

Silicato is, of course, free to bring its arguments concerning the alleged frivolousness of Two Farms's complaint in the form of a motion for attorney's fees

---

[14] *Beck*, 868 A.2d at 851 (citations omitted).

[15] *See e.g., Beck*, 868 A.2d at 851 (granting defendant's motion for attorney's fees pursuant to the bad faith exception to the American Rule); *Lawson v. State*, 91 A.3d 544, 553 (Del. 2014) (affirming Superior Court's denial of plaintiff's motion for expenses, applying the bad faith exception to the American Rule).

[16] *Alexander v. Petty*, 108 A.2d 575, 577 (Del. Ch. 1954).

[17] *See Nix v. Sawyer*, 466 A.2d 407, 411 (Del. Super. 1983).

at a later date. The Court, however, would defer ruling on such a motion until the conclusion of the case.

## C. Silicato's Counterclaim for Declaratory Judgment

In Delaware, courts shall enforce the parties' agreements to identify the particular information on which they have relied and foreclose reliance on other information.[18] In other words, the contract may establish the limited "universe of information on which [each] party relied" and thus the "universe of information that is in play for purposes of a fraud claim."[19]

Silicato's counterclaim for declaratory judgment argues that an integration clause and anti-reliance provision in the Contract (hereinafter the "Integration Clause") bars Two Farms's fraud claim. Silicato argues that Two Farms's fraud claim is premised on representations other than those included in the Contract and that, due to the Integration Clause, Two Farms cannot have justifiably relied on representations other than those in the Contract. Further, Silicato argues that the Contract's due diligence provision (hereinafter the "Due Diligence Provision"), placed the duties and risk of obtaining government approval of the plans on Two Farms—not Silicato.

In Delaware, a "standard integration clause alone, which does not contain explicit anti-reliance representations . . . will not suffice to bar fraud claims."[20] Here,

---

[18] *RAA Mgmt., LLC v. Savage Sports Hldgs., Inc.*, 45 A.3d 107, 118–19 (Del. 2012).

[19] *Prairie Capital III, L.P. v. Double E Holding Corp.*, 132 A.3d 35, 52–53 (Del. Ch. 2015).

[20] *Kronenberg v. Katz*, 872 A.2d 568, 593 (Del. Ch. 2004). *See Alltrista Plastics, LLC v. Rockline Indus., Inc.*, 2013 WL 5210255, at *5 (Del. Super. Sept. 4, 2013) (denying motion to dismiss fraud claim based on anti-reliance clause in contract where the agreement stated that "The Agreement sets forth the entire understanding between the Parties with respect to the subject matter herein, and supersedes and replaces the terms of any and all prior discussions, agreements or understanding between the parties. There are no covenants, promises, agreements,

the contract's integration clause reads that the "Contract contains the final and entire Agreement between the parties hereto, and neither they nor their agents shall be bound by any terms, conditions, or representations not herein written." The Contract does not indicate that Two Farms "contractually promised that it did not rely upon statements outside the contract's four corners in deciding to sign the contract."[21] Therefore, the Court finds that the Contract does not bar the fraud claim.

Additionally, the Due Diligence Provision is not relevant to Two Farms's fraud claim. Two Farms is not suing Silicato for failing to acquire city approval for the Entrance, but for making fraudulent misrepresentations regarding an imminent condemnation proceeding and failing to provide documents reflecting this.

Therefore, the Court finds as a matter of law that Two Farms's fraud claim is not barred by the Contract, and dismissal of the counterclaim for declaratory judgment is warranted.

**WHEREFORE**, for the foregoing reasons, Two Farms's motion to dismiss Silicato's Counterclaims is **GRANTED**.

**IT IS SO ORDERED**.

_/s/ Noel Eason Primos_
JUDGE

NEP/wjs
*Via File & ServeXpress*
oc: Prothonotary
cc: Shawn P. Tucker, Esquire
    Richard L. Abbott, Esquire
    Patrick McGrory, Esquire

---

warranties, representations, conditions or understandings, either oral or written, between the Parties with regard to the subject matter herein other than as set forth in the agreement.").
[21] *Kronenberg*, 872 A.2d at 593.